386 So.2d 22 (1980)
Calvin deMARLOR, D/B/a the Upperdeck Restaurant, Appellant,
v.
FOLEY CARTER INSURANCE COMPANY, a Florida Corporation, J.H. Gardner Gould, and Employers Reinsurance Corporation, Appellees.
No. 79-1321.
District Court of Appeal of Florida, Second District.
June 25, 1980.
Rehearing Denied July 25, 1980.
*23 Jere M. Fishback of Jenkins, Fischer & Brook, St. Petersburg, for appellant.
Thomas Saieva of Woodworth & Saieva, St. Petersburg, for appellees.
OTT, Judge.
Appellant filed this action for damages allegedly sustained when appellees (1) breached their contractual duty to procure adequate insurance on his restaurant, and (2) breached their fiduciary duty to him by conspiring with others to deprive him of such insurance proceeds as did become available when the restaurant was destroyed by fire. The case came on for trial by jury, but after appellant presented his evidence the court directed a verdict for appellees on both causes of action. We reverse.
The dispositive rule governing this case is that in ruling on a motion for directed verdict the court must consider only the evidence and inferences favorable to the nonmoving party, and ignore evidence favorable to the movant. Carson v. Gulf Oil Corp., 123 So.2d 35 (Fla. 2d DCA 1960). A motion can be granted only if, viewed in that light, there is no evidence which would support a verdict for the opposing party. Ahearn v. Florida Power and Light Co., 129 So.2d 457 (Fla. 2d DCA 1961).
The instant record contains evidence which, if believed, could lead reasonable men to conclude that appellant took a copy of his restaurant lease to appellees, discussed his insurance needs and his obligation to insure the premises in which his restaurant was located, and instructed appellees to procure all of the coverage required by the lease; that appellees promised to do so but failed to obtain fire insurance on the structure, although the lease expressly and clearly required appellant to procure such coverage. To compound that nonfeasance, there is evidence from which the jury might conclude that appellees were obligated to advise appellant that such coverage had not been obtained, but that appellant was not made aware of the omission until after the fire.
We believe the evidence could support a verdict for appellant on his first cause of action. An insurance agent or broker who agrees or undertakes to procure certain insurance coverage owes his principal a duty to do so within a reasonable time. If, through his own fault or neglect, he fails to do so, he may become liable for any resultant damages. Even when he is not to blame for the failure to obtain coverage the agent may nevertheless become liable for damages if he fails to inform his principal that the requested insurance has not been procured. Cat 'n Fiddle, Inc. v. Century Insurance Co., 200 So.2d 208 (Fla. 3d DCA 1967).[1]
*24 As for the second cause of action, the record contains evidence indicating, if believed, that when appellees received the proceeds from the insurance written on appellant's restaurant business, their officers connived with another client (the owner of the restaurant building, who had originally recommended appellees to appellant) to hold up distribution of the money on the pretext it had not arrived, until a suit could be filed by the owner to tie up the funds and recover damages for appellant's failure to procure the insurance on the restaurant structure that the lease required. The law requires the appellees to deal with appellant in good faith and not to take advantage of him by serving a second master. Van Woy v. Willis, 153 Fla. 189, 14 So.2d 185 (1943). A deliberate violation, in bad faith, could justify an award of punitive damages. Campbell v. Government Employees Insurance Co., 306 So.2d 525 (Fla. 1974); Richards Company v. Harrison, 262 So.2d 258 (Fla. 1st DCA 1972).
We reject, as unsupportable in the law, appellees' theory that appellant's affirmative defenses to the action by his landlord are binding upon him insofar as they are inconsistent with his position in the present proceeding. He did not prevail on those defenses (actually, the case never got to trial), therefore, the doctrine of equitable estoppel could not arise. Grauer v. Occidental Life Ins. Co. of Cal., 363 So.2d 583 (Fla. 1st DCA 1978); Bryant v. Stevens, 313 So.2d 124 (Fla. 2d DCA 1975).
We also reject appellees' contention that the directed verdicts were proper because appellant sustained no monetary damage from the negligence and/or treachery of his brokers. His losses in the first cause of action are easily calculated by simply comparing what he would have recovered had the premises been fully insured, with his actual net recovery. As to the second cause of action, appellant testified that he was forced by economic necessity to settle his landlord's lawsuit because all the insurance money was tied up. Had appellees not helped tighten those pragmatic screws, which not only benefited their other client but also kept their own skirts clean of involvement in a cross-complaint, appellant would not have sustained that loss.
We believe that the evidence on both causes of action entitled appellant to take his case to the jury, and that as a consequence the court erred in directing a verdict in favor of appellees. The judgment is reversed and the case is remanded for a full trial.
SCHEB, Acting C.J., and RYDER, J., concur.
NOTES
[1] The cited opinion affirmed a directed verdict in favor of the insurance company and reversed a directed verdict in favor of the agent broker. The Florida Supreme Court later granted certiorari and ruled that the directed verdict in favor of the insurance company also should have been reversed. 213 So.2d 701 (Fla. 1968). That portion of the DCA opinion cited here was not vacated or affected.