EVANDER, J.
Brown & Brown, Inc., (“Brown”) appeals from a final judgment in favor of the School Board of Hamilton County (“Board”) following a jury verdict finding Brown in breach of contract. Brown raises several issues on appéal, of which we find only one merits discussion. It is Brown’s contention that because Board settled with Ace American Insurance Company (“Ace”), a co-defendant against whom Board had brought an “inconsistent” claim, it was judicially estopped from maintaining its action against Brown. We affirm.
Board provided health insurance to its employees through membership in a program sponsored by North East Florida Educational Consortium (“NEFEC”). NEFEC is a regional educational consortium authorized by statute[1] and designed for small school districts, such as that of Hamilton County, to band together and combine resources in order to provide students and employees with programs and services not otherwise available to a small school district. Board was self-insured for each of its employees to a limit of $50,000 and obtained excess medical insurance coverage, through the services of NEFEC, from Ace. Brown was the insurance agency retained to administer the insurance plan.
*920 When a Board employee incurred medical bills $293,762.67 above the self-insured limit and coverage was denied by Ace, Board paid the employee’s due and owing bills and then sought reimbursement from Ace and/or Brown.[2] The basis for Ace’s claim denial was that certain information regarding the employee’s pre-existing medical condition and employment status had not been disclosed to Ace during the application period. The record reflects that Brown had received the information regarding the employee in question prior to the close of the application process. When Board commenced the action below, both Ace and Brown denied liability.
As acknowledged by both parties at oral argument, the claims against Ace and Brown were mutually exclusive. Either Brown had failed to submit the necessary information to Ace during the application process thereby justifying Ace’s denial of coverage or, alternatively, Ace had wrongfully denied coverage.
During the course of the litigation, Board and Ace reached a settlement. Pursuant to the settlement agreement, Ace continued to deny any wrongdoing or otherwise concede liability but did agree to pay Board $175,000 in return for being dismissed from the lawsuit. Subsequently, Brown was permitted to amend its answer and raise the affirmative defense of judicial estoppel. Brown’s ensuing motion for summary judgment based on its judicial estoppel defense was denied and the case proceeded to trial. In its verdict, the jury found that Brown had breached its contract to administer the insurance plan and awarded Board the full amount of its claim. The trial court set off the settlement amount received by Board from Ace and entered a final judgment otherwise consistent with the jury verdict. On appeal, Brown argues that it was error for the trial court to deny its motion for summary judgment. We disagree.
The seminal case in Florida on judicial estoppel is Blumberg v. USAA Casualty Insurance Co., 790 So.2d 1061 (Fla.2001). There, the court defined judicial estoppel as an equitable doctrine “used to prevent litigants from taking totally inconsistent positions in separate judicial, including quasi-judicial, proceedings” where doing so would make “a mockery of justice.” Id. at 1066. One of the elements necessary to establish judicial estoppel is that the opposing party must have “successfully maintained” an inconsistent position in the prior proceeding. Id. at 1066-67; see also JSZ Fin. Co., Inc. v. Whipple, 939 So.2d 1189, 1191 (Fla. 4th DCA 2006) (“Here, it appears that both parties have made statements in their briefs in prior appeals inconsistent with the ones they are now espousing. Nevertheless, neither position was successfully maintained, because this court never reached the merits of the restitution issue in either prior proceeding. Thus, judicial estoppel does not apply.”) Even assuming that Board’s claim against Ace is viewed as a “separate proceeding” from its claim against Brown, the “successful maintenance” element was not proved in this case.
To find that a party to be estopped has “successfully maintained” a prior claim or position requires that the first court adopt the claim or position either as a preliminary matter or as part of a final disposition. Grau v. Provident Life and Accident Ins. Co., 899 So.2d 396, 401 (Fla. 4th DCA 2005). Indeed, the United States Supreme Court has observed that “[a]b- *921 sent success in a prior proceeding, a party’s later inconsistent position introduces no ‘risk of inconsistent court determinations,’ and thus poses little threat to judicial integrity” for purposes of applying the doctrine of judicial estoppel. New Hampshire v. Maine, 582 U.S. 742, 750-51, 121 S.Ct. 1808,149 L.Ed.2d 968 (2001) (citation omitted).
"Where, as in the instant case, the prior claim was resolved by settlement, we believe the alleged prior inconsistent position cannot be viewed as having been successfully asserted. See Zeeuw v. BFI Waste Sys. of N.Am., Inc., 997 So.2d 1218 (Fla. 2d DCA 2008); see also Yanez v. United States, 989 F.2d 323, 326 (9th Cir.1993) (“The majority of circuits recognizing the [judicial estoppel] doctrine hold that it is inapplicable unless the inconsistent statement was actually adopted by the court in the earlier litigation; only in that situation, according to those circuits, is there a risk of inconsistent results and a threat to the integrity of the judicial process.” (quoting Morris v. California, 966 F.2d 448, 452-53 (9th Cir.1991))); Konstantinidis v. Chen, 626 F.2d 933, 939 (D.C.Cir.1980) (“A settlement neither requires nor implies any judicial endorsement of either party’s claims or theories, and thus a settlement does not provide the prior success necessary for judicial estoppel.”). Cf. Lambert v. Nationwide Mut. Fire Ins. Co., 456 So.2d 517 (Fla. 1st DCA 1984) (judicial estoppel precluded plaintiff from recovering under underinsured motorist provisions of Nationwide insurance policy where plaintiff had taken inconsistent position in entering settlement agreement with three alleged tortfeasors, including one of Nationwide’s insureds, and where settlement amount exceeded the uninsured motorist coverage limits). To find that a plaintiffs settlement with one defendant, for less than the full amount of damages sought, could constitute “successful maintenance” of a prior action would also be contrary to the public policy of encouraging settlements. See De Witt v. Miami Transit Co., 95 So.2d 898, 901 (Fla.1957) (public policy favors amicable settlement of disputes and avoidance of litigation).
We would also observe that it is extremely difficult to see how Board’s actions made a “mockery of justice.” Board suffered significant monetary damage because of the denial of insurance coverage for one of its employees. The parties with the most knowledge of the events surrounding the denial of coverage, Ace and Brown, “pointed the finger” at the other. Board, as it was permitted to do, filed an amended complaint asserting inconsistent claims. Board then settled its disputed claim with Ace for less than the full amount of its losses, but continued its action against Brown. Ultimately, Brown was found by a jury to be fully and solely responsible for the damages incurred by Board. No double recovery or windfall was received by Board because the trial court offset the settlement amount against the jury verdict. Indeed, it can be argued that the biggest beneficiary of the prior settlement was Brown because, absent such settlement, it likely would have been held liable for the entire amount of Board’s claim.
AFFIRMED.
PARKER, G.S., Associate Judge, concurs.
HARRIS, C.M., Senior Judge, dissents, with opinion.

. § 228.0857, Fla. Stat. (2001).

. Board also initially sought to recover from Fringe Benefits, another plan administrator. However, Fringe Benefits was later dismissed from the suit and neither party to this appeal claims that Fringe Benefits was liable for losses suffered by Board.