MARSTILLER, J.
Vickey Tyler-Fleming (“Claimant”) appeals the denial of her November 2010 amended petition for workers’ compensation benefits (“PFB”) seeking medical treatment for a left knee injury she sustained in a May 2000 workplace accident. She argues the Judge of Compensation Claims (“JCC”) should have applied the doctrine of judicial estoppel to prevent the Employer/Carrier (“E/C”) from denying compensability. Finding judicial estoppel inapplicable to this case, we affirm the JCC’s order.
Claimant suffered a compensable left knee injury in May 2000, when she tripped down some stairs at work. The E/C provided medical treatment, which continued until March 2002, when Claimant’s authorized treating physician placed her at maximum medical improvement, or “MMI,” with a 2 percent permanent impairment rating and no permanent work restrictions.
In September 2005, Claimant suffered another workplace accident, and filed a PFB in September 2006 seeking medical treatment for her left knee and other injuries. The E/C responded that the 2005 accident did not result in injury to Claimant’s knee, and was not the major contributing cause (“MCC”) of Claimant’s need for treatment. Notably, Claimant’s authorized treating physician opined that the need for treatment was not due to the 2005 accident. Claimant obtained an independent medical examiner who opined, to the contrary, that the 2005 accident had permanently aggravated the pre-existing knee injury. In light of the conflicting medical opinions, the JCC appointed an expert medical advisor (“EMA”), who concluded, “the progression of the torn meniscus from a grade 2 to a grade 3, requiring surgery in November 2007, was the injury sustained in the May 31, 2000, date of accident coupled with ... the repetitive activities which [Claimant] performs at work.” Finding no basis on which to reject the EMA’s opinion, the JCC found Claimant’s knee condition “causally related” to the injury sustained in 2000 and repetitive work activities, and rendered an order on March 5, 2010, denying compensability and treatment.
On October 13, 2010, Claimant filed a PFB, again seeking medical treatment for a meniscus tear in her left knee, but this time asserting the May 2000 accident as the cause. The E/C denied that the 2000 accident was the major contributing cause of Claimant’s current need for surgery and treatment. Claimant supported her claim, not with new medical evidence, but with the EMA’s opinion report from the previous proceeding on her unsuccessful September 2005 PFB. In addition, she argued the E/C should be judicially estopped from asserting her need for treatment was not due to the 2000 accident, because they had taken the opposite position against her 2006 PFB. The JCC declined to apply judicial estoppel, finding primarily that the E/C had not taken clearly inconsistent positions in defending against the 2006 and 2010 PFBs.
“Florida recognizes the equitable doctrine of judicial estoppel, which prevents litigants from taking totally inconsistent positions in separate judicial proceedings to the prejudice of the adverse party.” Olmsted v. Emmanuel, 783 So.2d 1122, 1126 (Fla. 1st DCA 2001); see Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061, 1066 *162 (Fla.2001). For the doctrine to apply, the party sought to be estopped must have “successfully maintained a position in one proceeding while taking an inconsistent position in a later proceeding, and [] the other party was misled and changed its position in such a way that it would be unjust to allow the [party] to take the inconsistent position.” Crawford Residence, LLC v. Banco Popular N. Am., 88 So.3d 1017, 1020 (Fla. 2d DCA 2012). A party has successfully maintained a claim or position if, in the prior proceeding, the court “adopt[ed] the claim or position either as a preliminary matter or as part of a final disposition.” Brown & Brown, Inc. v. Sch. Bd. of Hamilton County, 97 So.3d 918, 920 (Fla. 5th DCA 2012). Furthermore, the positions taken or claims made must be “inherently inconsistent.” See S. Florida Coastal Elec., Inc. v. Treasures on the Bay II Condo. Ass’n, Inc., 89 So.3d 264, 269 (Fla. 2d DCA 2012) (citing Smith v. Avatar, 714 So.2d 1103, 1107 (Fla. 5th DCA 1998)). “Judicial estoppel is an equitable doctrine which may be invoked by a court at its discretion.” 31 C.J.S. Estoppel and Waiver § 187 (2013).
Here, we find no abuse of discretion by the JCC in rejecting Claimant’s call for judicial estoppel. The defenses the E/C raised against Claimant’s 2006 and 2010 PFBs are not inconsistent. As the JCC reasoned, the issue to be resolved in each case was whether the designated accident was the MCC of Claimant’s need for medical treatment, and in each instance, the E/C simply asserted that the relevant accident was not the MCC of Claimant’s knee condition. Claimant seems to rely on the JCC’s finding, in the order denying the 2006 PFB, that Claimant’s knee condition was “causally related” to the injury she sustained in the 2000 accident. However, the JCC’s finding emanated not from a claim made by the E/C, but rather, from the EMA’s medical opinion. Thus, the E/C did not successfully maintain a claim or defense in the prior proceeding inconsistent with that asserted in the current proceeding, such that judicial estoppel should apply. See Brown & Brown, 97 So.2d at 920. As Claimant asserts no other error by the JCC, we affirm the order denying her 2010 PFB.
AFFIRMED.
PADOVANO and MAKAR, JJ., concur.