# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-182
LT Case No. 2018-CA-1360

_____

E&R ENVIRONMENTAL SERVICES,
LLC,

    Appellant,

    v.

SIHLE FINANCIAL SERVICES, INC.,
f/k/a GHG Insurance, Inc. and
Sihle Insurance Group, Inc.,

    Appellees.

_____

On appeal from the Circuit Court for Duval County.
Bruce R. Anderson, Jr., Judge.

John D. Webb, of John D. Webb, P.A., Jacksonville, for Appellant.

Michael R. D'Lugo, of Wicker Smith O'Hara McCoy & Ford, P.A., Orlando, for Appellees.

March 8, 2024

PER CURIAM.

Appellant ("E&R") sued Appellee ("Sihle") for negligence and breach of fiduciary duty. E&R's claims stemmed from its purchase of an insurance policy from Sihle. The trial court granted Sihle's motion for summary judgment, finding that result was warranted

for multiple reasons. We disagree as to each. Accordingly, we reverse and remand for further proceedings.

## I.

E&R is a disaster management business. Sihle is an insurance agency.[1] Sihle had been advising E&R on insurance matters and obtaining policies for E&R for many years.

E&R signed an agreement with Danos & Curole Marine Contractors, LLC ("Danos") to help clean an oil spill that occurred along the Louisiana coast. The agreement required E&R to indemnify Danos and its affiliated companies for certain legal claims that might arise during the project. E&R bought an insurance policy through Sihle. Based on its understanding of its communications with Sihle, E&R believed the policy that Sihle procured met the needs of the Danos contract, including those concerning indemnification.

An accident later occurred at the Louisiana job site, and personal injury litigation ensued. Danos filed a third-party complaint against E&R, seeking indemnification pursuant to their contract. In the proceedings that followed, E&R discovered that the insurance policy it bought through Sihle did not provide the coverage that E&R believed it did. Ultimately, E&R settled the Louisiana litigation.

E&R then filed suit against Sihle for negligence and breach of fiduciary duty. Both claims were based on E&R's belief that Sihle botched its review of the Danos contract and the related insurance policy that it procured—which left E&R exposed when the accident occurred in Louisiana. E&R sought restitution for the Louisiana settlement.

Sihle moved for summary judgment, and the court granted the motion. The court ruled that E&R could not establish standing,

---

[1] Sihle is the successor of GHG Insurance, Inc. In the interest of simplicity, we refer to GHG and Sihle by the same name ("Sihle").

2

that E&R's complaint was barred by judicial estoppel, and that E&R could prove neither the breach nor damages elements of its claims. We address each of these rulings below.

## II.

When seeking summary judgment, the movant must show (1) "there is no genuine dispute as to any material fact" and (2) "the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "The court views the evidence in a light most favorable to the non-moving party, and a genuine dispute occurs when the evidence would allow a reasonable jury to return a verdict for that party." *Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1278 (Fla. 5th DCA 2023). On appeal, the standard of review is de novo. *See id.*

## A.

We first consider E&R's argument that the court erred by disregarding Michael Greene's affidavit, which precipitated the court's ruling that E&R lacks standing.[2] Greene is E&R's chief financial officer and one of its owners. E&R cited his affidavit as part of its opposition to Sihle's motion for summary judgment.

In his affidavit, Greene reported that he maintains financial records for E&R and a related business, Eisman & Russo, Inc. ("Eisman"). Greene swore that Eisman "internally transferred money to E&R in order to settle the Louisiana Litigation," and that as such, E&R is indebted to Eisman.

In its summary judgment order, the court discounted Greene's affidavit as "self-serving" and "an attempt to establish standing." Among its findings, the court determined that Greene's affidavit contradicted his deposition testimony on the issue of "the payment

---

[2] E&R claims the trial court's "first error" was its "wholesale verbatim adoption" of Sihle's proposed summary judgment order. *See Perlow v. Berg-Perlow*, 875 So. 2d 383 (Fla. 2004). Since we reverse the court's order on the merits of its legal conclusions, we need not decide whether the order was also reversible under *Perlow* and its progeny.

3

of the settlement funds,"—i.e., whether E&R had already reimbursed Eisman for the settlement payment. Having rejected Greene's affidavit, the court concluded that E&R could not show an injury needed to establish standing, reasoning there was "no record that the reimbursement payment was paid and/or remains outstanding."

The trouble with the court's analysis is that it does not account for the court's previous order granting E&R's motion to suppress Greene's deposition transcript. In that order, the court found there was no evidence that "Greene was afforded a reasonable amount of time to review and read his deposition transcript and fill out an errata sheet." The court gave Greene fifteen days "to read and review his deposition transcript and complete the errata sheet if so required after his review."

In keeping with the court's order, Greene submitted an errata sheet. Among the corrections to his deposition listed there, Greene's errata sheet reported that E&R still owed money to Eisman from the Louisiana settlement. The errata sheet explained that this correction was the result of an "[i]nternal accounting clarification."

The Florida Rules of Civil Procedure allow a witness to make changes to the form or substance of his or her deposition transcript. *See* Fla. R. Civ. P. 1.310(e); *see, e.g.*, *Dungan v. Mem'l Health Sys., Inc.*, 325 So. 3d 925 (Fla. 5th DCA 2020). Here, the court expressly allowed Greene to make such changes, and Sihle never successfully re-opened Greene's deposition to inquire about the changes.[3] *See Dungan*, 325 So. 3d at 925 ("We write specifically

---

[3] Greene sat for a follow-up deposition, but E&R's counsel terminated the session because he believed that Sihle's counsel was asking questions beyond the limits of the court's order, which allowed Sihle "to re-depose [Greene] within the narrow scope" of his deposition amendments. Afterwards, the court ordered Greene to complete his follow-up deposition via written questions under Florida Rule of Civil Procedure 1.320. However, "by agreement of counsel and for reasons asserted in the Motion," the court later granted E&R's motion to terminate Greene's written deposition.

4

to note that, while [a witness] was permitted to make substantive changes to his deposition testimony pursuant to Florida Rule of Civil Procedure 1.310(e), Petitioner is not required to simply accept the amended testimony. [The witness] has put himself in a position where his deposition can be re-opened to allow Petitioner to inquire about the changed testimony.").

Given this record, the court erred in its treatment of Greene's affidavit. Because the court allowed Greene to amend his deposition, any comparison of his deposition to his affidavit had to account for the deposition amendments, including the one reflecting that E&R still owed a debt from the Louisiana settlement. Accordingly, the court should not have excluded Greene's affidavit as contradictory. *See Kling v. DiSclafani*, 983 So. 2d 648, 654 (Fla. 5th DCA 2008) (observing that while a party may not repudiate his deposition testimony with an affidavit to avoid a summary judgment, he may explain his deposition testimony in an affidavit that is not contradictory, "even though it creates a jury issue on the opponent's motion for summary judgment"). And had the court considered Greene's affidavit and his amended deposition in a light most favorable to E&R, it would not have ruled that E&R lacked standing.

B.

The court also awarded summary judgment based on judicial estoppel. The court found that in the Louisiana litigation, E&R argued that its contract with Danos was invalid, meaning that E&R had no duty of indemnification. However, the court found that "E&R completely changed" that position in this case by "alleging that the [Danos] contract was in fact valid" and that under the contract, E&R was obligated to indemnify Danos and its subcontractors.

"Judicial estoppel is an equitable doctrine that is used to prevent litigants from taking totally inconsistent positions in separate judicial, including quasi-judicial, proceedings." *Salazar-Abreu v. Walt Disney Parks & Resorts U.S., Inc.*, 277 So. 3d 629, 631 (Fla. 5th DCA 2018) (quoting *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1066 (Fla. 2001)). It has four elements, the first of which is that a party successfully maintained a claim or position

5

in a former proceeding. *Id.* (quoting *Grau v. Provident Life & Accident Ins. Co.*, 899 So. 2d 396, 400 (Fla. 4th DCA 2005)).

For this first element to be present, the court in the prior case must have "adopt[ed] the claim or position either as a preliminary matter or as part of a final disposition." *Brown & Brown, Inc. v. Sch. Bd. of Hamilton Cnty.*, 97 So. 3d 918, 920 (Fla. 5th DCA 2012). Such judicial adoption does not occur when "the prior claim was resolved by settlement." *Id.* at 921; *see also Zeeuw v. BFI Waste Sys. of N. Am., Inc.*, 997 So. 2d 1218, 1220–21 (Fla. 2d DCA 2008).

Here, as Sihle acknowledges, the Louisiana litigation ended in a settlement. Indeed, E&R attached a copy of the settlement agreement to its complaint. Because there is no indication that the Louisiana court adopted any positions advanced by E&R—including those concerning the validity of the contract between E&R and Davos—the first element of judicial estoppel is not present. Thus, the court should not have granted summary judgment on the estoppel theory.

C.

The court also concluded, apparently based on the notion that E&R sent only portions of the Danos contract to Sihle, that Sihle obtained the insurance E&R requested (thereby defeating the breach elements in E&R's complaint). And the court found that in any event, the insurance E&R claims Sihle should have obtained was unavailable in the marketplace (thereby defeating the damages elements in E&R's complaint).

Again, a genuine factual dispute occurs when the evidence, viewed in a light most favorable to the non-moving party, would allow a reasonable jury to return a verdict for that party. *Welch*, 357 So. 3d at 1278. Here, on the question of whether Sihle obtained the insurance that E&R requested, Greene's affidavit alleged that he relied upon Sihle, "by and through [his] longstanding personal and professional relationship with" Sihle's agent, "to properly procure for E&R . . . all necessary insurance" for its "business operations, including [those] with Danos." Greene further alleged that he sent the Danos contract to Sihle for "review in order to procure insurance coverages as set forth in that contract." Sihle's

agent, in his deposition, did not dispute that Greene sent him at least portions of the Danos contract (though he could not recall viewing the contract in its entirety). He also acknowledged that he later informed Greene that he mishandled the E&R/Danos matter.

Taken in a light most favorable to E&R, this evidence creates a genuine dispute about whether Sihle obtained the insurance that E&R requested—i.e., insurance that fully comported with the Danos contract. Because of this genuine dispute, summary judgment was not appropriate.

As for the question about the availability of insurance, even if coverage was not available in the marketplace—as Sihle maintains—that fact would not necessarily be fatal to E&R's complaint. "An insurance agent or broker who agrees or undertakes to procure certain insurance coverage owes his principal a duty to do so within a reasonable time." *deMarlor v. Foley Carter Ins. Co.*, 386 So. 2d 22, 23 (Fla. 2d DCA 1980). When the agent fails to do so, even if the agent "is not to blame for the failure," he "may nevertheless become liable for damages if he fails to inform his principal that the requested insurance has not been procured." *Id.*

Applying this principle, a reasonable jury could find that even if the insurance E&R wanted was unavailable in the marketplace, Sihle should have timely notified E&R so that E&R could consider its alternatives—such as seeking to remove the indemnity provision from the Danos contract. Therefore, the court erred by concluding that the unavailability of coverage—even if true—was dispositive of E&R's claims.

III.

"A reversal of summary judgment is not a finding for the plaintiff, but merely a recognition that the evidence is such that a reasonable jury *could* find for the plaintiff." *Welch*, 357 So. 3d at 1280. Here, the evidence—including Greene's affidavit—is such that a reasonable jury *could* find for E&R.[4] Accordingly, the court

---

[4] We note that if the case proceeds to trial, Sihle will be able to use Greene's "original and changed answers" from his deposition

should not have entered summary judgment for Sihle. *See* Fla. R. Civ. P. 1.510(a).

REVERSED AND REMANDED.

WALLIS, JAY, and EISNAUGLE, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

"to cross-examine and to impeach" him. *See Dungan*, 325 So. 3d at 925.