FAULKNER, Justice.
Yow, an employee of Seaboard, was injured while working in its yard in Charlotte, North Carolina. He brought suit under the Federal Employers Liability Act for an alleged violation of the Safety Appliance Act, specifically, the Coupler Act, 45 U.S.C. § 2. After the trial, the trial judge granted Yow’s motion for a directed verdict. The jury received the case only on the issue of damages, and returned a verdict of $75,-000.00. We reverse and remand.
Seaboard’s appeal alleges three errors committed by the trial judge. First, that the directed verdict on the question of liability was improper; second, that the judge, at Seaboard’s request, should have charged the jury that any award of damages in an FELA case is not subject to federal or state income taxes; and third, that when Yow offered only a part of a doctor’s deposition into evidence, Seaboard was entitled to introduce other relevant portions of the deposition.
After this case was argued before this Court, the United States Supreme Court rendered its decision in Norfolk & Western Ry. Co., - U.S. -, 100 S.Ct. 1667, 64 L.Ed.2d 250 [1980], and held that it was error for a trial judge to refuse requested instructions that an award of damages in an FELA case was not subject to federal taxation. The majority of that Court bottomed their holding by saying, “It is entirely possible that the members of the jury may assume that a plaintiff’s recovery . . . will be subject to federal taxation, and that the award should be increased substantially in order to be sure that the injured party is fully compensated.” On the authority of Norfolk & Western Ry. Co., the judgment is reversed *14 for a new trial. The remaining issues presented for review are pretermitted.
REVERSED and REMANDED.
TORBERT, C. J., and MADDOX, AL-MON and EMBRY, JJ., concur.