997 So.2d 1218 (2008)
Christian ZEEUW, Appellant,
v.
BFI WASTE SYSTEMS OF NORTH AMERICA, INC., Appellee.
No. 2D08-429.
District Court of Appeal of Florida, Second District.
December 31, 2008.
*1219 E. Lynn Gibbons of Jorgensen, Romanello & Gibbons, P.A., St. Petersburg, for Appellant.
Karen Cox of Bush Ross, P.A., Tampa, for Appellee.
NORTHCUTT, Chief Judge.
On June 27, 2003, a garbage truck owned by BFI Waste Systems of North America, Inc., ran over Christian Zeeuw's foot. Zeeuw eventually filed a negligence action against BFI. He appeals an adverse summary judgment that was granted based on the immunity furnished to employers under the workers' compensation law. We reverse because the record did not conclusively establish BFI's entitlement to workers' compensation immunity.
Zeeuw had previously worked for BFI on a daily basis as an assigned employee of Spartan Staffing, Inc., which sometimes supplied labor to BFI. On the day of the accident, Zeeuw believed that he was employed either directly by BFI or by Spartan Staffing. He filed separate petitions *1220 for workers' compensation benefits against the companies, but both BFI and Spartan Staffing denied that he was their employee on the date of his injury. Zeeuw ultimately dismissed his petition against BFI and settled with Spartan Staffing. As part of the settlement, the parties executed an agreement and release that acknowledged Spartan Staffing's denial that the parties were in an employer/employee relationship on the date of the accident. The release further stated: "This settlement is on a controverted basis and the employer is not stipulating that Mr. Zeeuw was an employee of Spartan Staffing, Inc., at the time of the alleged accident."
In 2006, Zeeuw filed a negligence action against BFI to recover damages for his injury. BFI filed a motion for summary judgment, asserting that at the time of the accident Zeeuw was employed by Spartan Staffing and was BFI's "borrowed employee" under the workers' compensation statutes involving help supply services companies. See § 440.11(2), Fla. Stat. (2002). Therefore, BFI contended, it was entitled to workers' compensation immunity. See § 440.11. The circuit court accepted this argument and entered a final summary judgment in BFI's favor.
The record reveals that there are disputed issues of material fact regarding whether on the date of the accident Zeeuw was employed by either BFI or Spartan Staffing. See Holl v. Talcott, 191 So.2d 40 (Fla.1966) (allowing summary judgment only when there are no disputed issues of material fact and moving party is entitled to judgment as a matter of law). For example, both BFI and Spartan Staffing disavowed any such relationship in the workers' compensation proceeding, and in fact, neither of them ever paid Zeeuw for his work that day.
Normally this issue of fact would end our inquiry and we would reverse. But BFI argues that under the doctrine of judicial estoppel, Zeeuw's earlier workers' compensation claims should preclude him from asserting that he was not employed by BFI or Spartan Staffing on the date of the accident. Judicial estoppel is an equitable doctrine that prevents litigants from taking inconsistent positions in separate judicial or quasi-judicial proceedings. Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061, 1066 (Fla.2001).
BFI's assertion that Zeeuw is estopped is flawed in two important respects. First, judicial estoppel applies only when the position assumed in the earlier proceeding was successfully maintained. Id. (quoting 21 C.J. 1228 et seq.). "To find that a party to be estopped has successfully maintained a claim or position requires that the first court adopt the claim or position, `either as a preliminary matter or as part of a final disposition.'" Grau v. Provident Life & Accident Ins. Co., 899 So.2d 396, 401 (Fla. 4th DCA 2005) (quoting in part Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 599 n. 5 (6th Cir.1982)).
Here, Zeeuw's earlier position in the workers compensation proceedingthat he was employed by either BFI or Spartan Staffingwas not successfully maintained. He voluntarily dismissed his petition against BFI, and his settlement with Spartan Staffing specifically left the question open. Under similar facts, this court has held that an injured party's settlement with a workers' compensation carrier that expressly failed to resolve the contested issues and in fact denied the employment relationship was not an election of remedies because it was not a conclusion on the merits; therefore the subsequent tort action was not barred. Sanchez Vasquez v. Sorrells Grove Care, Inc., 962 So.2d 411 (Fla. 2d DCA 2007). Mere acceptance of some compensation benefits did not constitute a remedy "pursued to full satisfaction." Id. at 413. In similar fashion here, *1221 Zeeuw did not successfully maintain his position in the workers' compensation case by accepting some benefits in a settlement that disavowed any employment relationship.
The second reason that there is no judicial estoppel in this case is that the doctrine requires a mutuality of parties that is lacking here. See Blumberg, 790 So.2d at 1067. Zeeuw voluntarily dismissed his separate workers' compensation petition against BFI, and BFI was not a party to Zeeuw's settlement with Spartan Staffing. In some instances, an exception to this requirement is made when necessary to accommodate special fairness or policy considerations. Id. Thus, for instance, if Spartan Staffing had provided workers' compensation benefits to Zeeuw after agreeing that Zeeuw was BFI's borrowed employee on the date of injury, judicial estoppel might apply notwithstanding BFI's absence from the settlement. But the exception is not warranted here, where the facts regarding Zeeuw's employment, if any, on the date of the injury have always been disputed. Accordingly, we reverse the summary judgment and remand for further proceedings.
Reversed and remanded.
DAVIS and VILLANTI, JJ., Concur.