LaROSE, Judge.
Crawford Residences, LLC, the borrower, and two of its guarantors, Carondelet, *1019 LLC, and Eduardo Goudie, appeal a final judgment of foreclosure on a condominium project in Naples.[1] Because the trial court incorrectly ruled that Crawford was judicially estopped from arguing that a release did not bar its counterclaims and affirmative defenses, we reverse and remand for further proceedings.
To finance construction of the project, Crawford borrowed money from Banco Popular North America. The loan was reflected by a promissory note, secured by a mortgage on the real property, and guaranteed by Mr. Goudie and Carondelet. In June 2008, Crawford signed a renewed promissory note and a mortgage extension agreement that effectively deferred final payment from February 14 to August 15, 2008.
The agreement contained a release stating that Crawford relinquished “any and all liability, claims, counterclaims, defenses, actions, causes of action” that it “ever had” or “now ha[s] ... upon or by reason of any matter or cause whatsoever through the date hereof.” The first sentence of the agreement indicates that it “is made and entered into and effective as of the 14th day of February, 2008.... ”
Upon Crawford’s payment default, Ban-co sued. Crawford asserted counterclaims and raised several affirmative defenses. The trial court denied Banco’s motions for summary judgment and set the case for nonjury trial. Banco moved to bifurcate the trial, asking that the trial court first determine whether the release barred Crawford’s counterclaims and affirmative defenses. The trial court granted the motion. Crawford maintained that its affirmative defenses and counterclaims were directed, in part, to Banco’s alleged wrongful conduct after February 14, 2008, the effective date of the release.
The focus of Crawford’s case was that Banco breached its obligation to fund draw requests in a timely manner during construction. Mr. Goudie testified, by way of an affidavit submitted earlier in the case, that Crawford substantially completed the condominium project by May 2008. He emphasized that “but for [Banco’s] breach this project would have been completed the latest by January 2007,” and the units would have been sold by July 2007.
The trial court interpreted Mr. Goudie’s testimony to mean that Banco’s alleged delays occurred before February 14, 2008, and thus were barred by the release. Crawford maintained that Banco’s funding delays occurred before and after February 14, 2008. Banco asserted that judicial es-toppel barred Crawford, in light of Mr. Goudie’s testimony, from arguing that any postrelease conduct gave rise to affirmative defenses or counterclaims. The trial court agreed and awarded final judgment of foreclosure to Banco.
The trial court “is in the best position ‘to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses.’ ” In re Estate of Sterile, 902 So.2d 915, 922 (Fla. 2d DCA 2005) (quoting Shaw v. Shaw, 384 So.2d 13, 16 (Fla.1976)). Accordingly, we review the trial court’s decision in a nonjury case based on factual findings from disputed evidence for competent, substantial evidence. See id. at 922.
We cannot conclude that the record contains competent, substantial evidence to support the trial court’s interpretation of Mr. Goudie’s affidavit testimony. The testimony addresses the deleterious effect on *1020 the project due to Banco’s alleged funding delays prior to February 14, 2008. The testimony is silent about any later breaches. The trial court may have foreseen that any alleged damages Crawford sustained after February 14 were inconsequential. Such prescience, however, cannot form the basis for finding that Banco committed no breaches after February 14, 2008.
Properly assessing Mr. Goudie’s affidavit testimony necessarily compels us to reject Banco’s judicial estoppel argument. “Judicial estoppel is an equitable doctrine that prevents litigants from taking inconsistent positions in separate judicial or quasi-judicial proceedings.” Zeeuw v. BFI Waste Sys. of N. Am., Inc., 997 So.2d 1218, 1220 (Fla. 2d DCA 2008) (citing Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061, 1066 (Fla.2001)). At its core, judicial estoppel requires a showing that a litigant successfully maintained a position in one proceeding while taking an inconsistent position in a later proceeding, and that the 'other party was misled and changed its position in such a way that it would be unjust to allow the litigant to take the inconsistent position. See Blumberg, 790 So.2d at 1066.
Our review of the record supports no finding of judicial estoppel. First, Banco argues that Crawford’s position at trial— that its counterclaims and affirmative defenses also concerned postrelease conduct — is inconsistent with Mr. Goudie’s prior affidavit testimony. As we observed earlier, we see no such inconsistency.
Second, Banco fails to establish that Crawford successfully maintained a position in an earlier proceeding. “[J]udi-cial estoppel applies only when the position assumed in the earlier proceeding was successfully maintained.” Zeeuw, 997 So.2d at 1220. Moreover, “[t]o find that a party to be estopped has successfully maintained a claim or position requires that the first court adopt the claim or position, either as a preliminary matter or as part of a final disposition.’ ” Id. (quoting Grau v. Provident Life & Accident Ins. Co., 899 So.2d 396, 401 (Fla. 4th DCA 2005)). Crawford correctly points out that there is no separate judicial proceeding or previous appeal. And, as we know, in the only proceeding below, Crawford lost.
Third, Banco was not misled by and did not change its position in reliance on Mr. Goudie’s affidavit. Banco maintained the same position throughout litigation: it sued because Crawford did not pay back the loan.
We therefore reverse and remand for the trial court to allow Crawford to proceed with its affirmative defenses and counterclaims arising from alleged breaches by Banco not barred by the release.
Reversed and remanded.
ALTENBERND and VILLANTI, JJ., Concur.

. For convenience, we refer to the Appellants collectively as "Crawford,'' unless the context demands otherwise.