NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SHELLY L. CHITTIM,                  )
                                    )
            Appellant,              )
                                    )
v.                                  )          Case No. 2D15-4578
                                    )
DAVID M. CHITTIM,                   )
                                    )
            Appellee.               )
                                    )
_____ )

Opinion filed June 30, 2017.

Appeal from the Circuit Court for
Hillsborough County; Wesley D. Tibbals,
Judge.

J. Chad Self, C. Todd Marks, Kelly M.
Albanese, and Kylie M. Caporuscio of
Westchase Law, Tampa, for Appellant.

Elizabeth S. Wheeler and Carl J. Ohall
of Berg & Wheeler, P.A., Brandon, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

            In this appeal, Shelly L. Chittim, the Former Wife, challenges the trial

court's postbankruptcy denial of her motion for attorneys' fees and costs, which was

based on a prebankruptcy award of attorneys' fees and costs in her dissolution

proceeding.  For the reasons set forth in the trial court's order, we agree that the Former

Wife's attorneys, Westchase Law, cannot pursue a claim for attorneys' fees and costs against either the Former Wife or David M. Chittim, the Former Husband. We disagree, however, that the Former Wife is no longer entitled to the award of attorneys' fees and costs against the Former Husband that the trial court entered before she declared bankruptcy. Accordingly, we vacate the trial court's order and remand for a determination of the reasonable attorneys' fees and costs to which the Former Wife is entitled.

Course of Proceedings

In August 2014, the trial court entered a final judgment of dissolution awarding the Former Wife attorneys' fees and costs against the Former Husband (the fee award) pursuant to her request under section 61.16, Florida Statutes (2012), and Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997); directing the parties to try to agree on the amount of reasonable attorneys' fees "that the Husband shall pay the wife"; and reserving jurisdiction in case the parties were unable to agree. In September 2014, having received no satisfactory response from the Former Husband, the Former Wife moved for the court to enter an order awarding her reasonable attorneys' fees and costs. In December 2014, however, she declared bankruptcy, which stayed the determination.

Westchase Law represented the Former Wife in both the dissolution and the bankruptcy proceedings. As part of its agreement to represent her in the dissolution proceeding, Westchase Law had filed a charging lien against her property. In the bankruptcy proceeding, however, it did not file any claim in connection with its fees and costs in the dissolution proceeding, and the Former Wife did not declare the fee award,

either as an asset due to her or as a debt that she owed to Westchase Law, in her bankruptcy petition.

In April 2015, the bankruptcy court granted the Former Wife a discharge under 11 U.S.C. § 727 (2012).

In August 2015, at the direction of the trial court, the parties filed memoranda of law addressing the effect of the bankruptcy proceeding on the fee award. The Former Husband argued that the Former Wife should be judicially estopped from pursuing the fee award against him in light of her failure to include it as an asset on her bankruptcy petition and that, in any event, the fee award should be zero because the bankruptcy proceeding had discharged the Former Wife's debt to Westchase Law. The Former Wife argued that judicial estoppel was unwarranted because she had consistently maintained that the fee award was not an asset of the bankruptcy estate, that her bankruptcy proceeding had not discharged the Former Husband's debt to her, that Westchase Law's lien was enforceable against both her and the Former Husband and could not be discharged in the bankruptcy, and that, in any event, she had reaffirmed her debt to Westchase Law after the bankruptcy had been discharged.

At a hearing before the trial court in September 2015, the evidence established that the Former Wife had disclosed the dissolution proceeding to the bankruptcy trustee in her statement of financial affairs and that, before the discharge, the trustee had also found out about the fee award. The trustee testified that after investigating the dissolution proceeding, she had not considered the fee award to be an asset of the estate.

The Former Wife's expert testified that absent any reaffirmation agreement, the Former Wife's debt to Westchase Law had been discharged and was uncollectible against her. The expert clarified that the debt still exists but is simply unenforceable by Westchase Law against the Former Wife. Although the Former Wife's counsel repeatedly asserted that the Former Wife had reaffirmed her debt to Westchase Law, no evidence of any reaffirmation agreement was presented.

The trial court concluded that the Former Wife was not entitled to the fee award because (1) she was judicially estopped from pursuing the award based on her failure to list it as an asset in her bankruptcy petition and (2) she no longer owed Westchase Law any fees or costs because the bankruptcy had discharged her debt to it and because it had waived its claim by failing to file proof of the claim in the bankruptcy proceeding. The Former Wife challenges those conclusions on appeal.

## Analysis

"[J]udicial estoppel 'is an equitable doctrine invoked by a court at its discretion.' " New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)). It "prevents litigants from taking inconsistent positions in separate judicial or quasi-judicial proceedings," Crawford Residences, LLC v. Banco Popular N. Am., 88 So. 3d 1017, 1020 (Fla. 2d DCA 2012) (quoting Zeeuw v. BFI Waste Sys. of N. Am., Inc., 997 So. 2d 1218, 1220 (Fla. 2d DCA 2008)), and

> [a]t its core . . . requires a showing that a litigant successfully maintained a position in one proceeding while taking an inconsistent position in a later proceeding, and that the other party was misled and changed its position in such a way that it would be unjust to allow the litigant to take the inconsistent position.

Id. Judicial estoppel requires, among other things, that the separate proceedings involve the same parties, that the party seeking estoppel relied on or was misled by the other party's former position, and that the party seeking estoppel changed his or her position to his or her detriment based on the other party's former position. Fintak v. Fintak, 120 So. 3d 177, 186 (Fla. 2d DCA 2013).

We agree with the Former Wife that the trial court erred in concluding that she should be judicially estopped from claiming entitlement to the fee award because the dissolution proceeding and the bankruptcy proceeding do not involve the same parties. Moreover, the record does not indicate that any party to either proceeding was misled by or changed its position based on the Former Wife's failure to disclose the fee award as an asset in her bankruptcy petition. The bankruptcy trustee learned about the fee award during the bankruptcy proceeding and did not consider it to be an asset of the estate. And although the Former Wife's failure to disclose the award gave the Former Husband an argument for not paying the award that he would not have had otherwise, the record does not indicate that he relied on or was misled by that failure to his detriment.

The trial court also erred in concluding that "[t]he Former Wife is not entitled to recover attorneys' fees because she no longer owes her attorneys any fees or costs." Although the bankruptcy court discharged all of her prepetition debts, debts discharged in bankruptcy do not cease to exist; they simply become unenforceable. In re Quigley, 391 B.R. 294, 302 (Bankr. N.D.W. Va. 2008) (and cases cited therein); see also 11 U.S.C. § 524 (explaining effect of discharge in bankruptcy proceeding). Similarly, Westchase Law's failure to file a proof of claim in the bankruptcy proceeding

does not waive the Former Wife's debt to Westchase Law but simply waives Westchase Law's ability to recover on the debt. See In re Aloia, 496 B.R. 366, 378 (Bankr. E.D. Pa. 2013) ("[D]isallowance of a claim owing to a creditor's failure to file a timely proof of claim does not negate the claim itself. It simply means that the creditor may be unable to receive a distribution from the chapter 7 trustee under 11 U.S.C. § 726."). In other words, to the extent that the Former Wife owed Westchase Law any fees and costs at the time of the discharge, she still owes them. But unless she reaffirmed the debt—and we agree with the trial court that nothing in the record establishes that she did— Westchase Law cannot collect on it.

Because the trial court erred in concluding that the Former Wife was judicially estopped from pursuing the fee award and was otherwise no longer entitled to do so because she no longer owes her attorneys any fees or costs, we vacate the court's order on those grounds and remand for a determination of her reasonable attorneys' fees and costs.[1] The trial court's order is affirmed in all other respects.

Vacated in part; affirmed in part; remanded with instructions.

CASANUEVA and CRENSHAW, JJ., Concur.

---

[1]In so remanding, we do not foreclose the trial court's consideration of any equitable factors. See Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997) (observing that proceedings under chapter 61, Florida Statutes, "are in equity and governed by basic rules of fairness as opposed to the strict rule of law" (§ 61.011, Fla. Stat. (1995)).