IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

November 29, 2017

SHELLY L. CHITTIM,                              )
                                               )
              Appellant,                       )
                                               )
v.                                             )        Case No. 2D15-4578
                                               )
DAVID M. CHITTIM,                              )
                                               )
              Appellee.                        )
                                               )
_____)

BY ORDER OF THE COURT:

The Former Husband's motion for rehearing is denied.  The Former Husband's motion for clarification is granted.  The prior opinion dated June 30, 2017 is withdrawn and the attached opinion is issued in its place.  No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER

MARY ELIZABETH KUENZEL, CLERK

SHELLY L. CHITTIM, )
)
Appellant, )
)
v. ) Case No. 2D15-4578
)
DAVID M. CHITTIM, )
)
Appellee. )
)

Opinion filed November 29, 2017.

Appeal from the Circuit Court for
Hillsborough County; Wesley D. Tibbals,
Judge.

J. Chad Self, C. Todd Marks, Kelly M.
Albanese, and Kylie M. Caporuscio of
Westchase Law, Tampa, for Appellant.

Elizabeth S. Wheeler and Carl J. Ohall
of Berg & Wheeler, P.A., Brandon, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

In this appeal, Shelly L. Chittim, the Former Wife, challenges the trial

court's postbankruptcy denial of her motion for attorneys' fees and costs, which was

based on a prebankruptcy award of attorneys' fees and costs in her dissolution

proceeding. For the reasons set forth in the trial court's order, we agree that the Former

Wife's attorneys, Westchase Law, cannot pursue a claim for attorneys' fees and costs

against either the Former Wife or David M. Chittim, the Former Husband. We disagree,

however, that the Former Wife is no longer entitled to the award of attorneys' fees and costs against the Former Husband that the trial court entered before she declared bankruptcy. Accordingly, we vacate the trial court's order and remand for a determination of the reasonable attorneys' fees and costs to which the Former Wife is entitled.

## Course of Proceedings

In August 2014, the trial court entered a final judgment of dissolution awarding the Former Wife attorneys' fees and costs against the Former Husband (the fee award) pursuant to her request under section 61.16, Florida Statutes (2012), and Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997); directing the parties to try to agree on the amount of reasonable attorneys' fees "that the Husband shall pay the Wife"; and reserving jurisdiction in case the parties were unable to agree. In September 2014, having received no satisfactory response from the Former Husband, the Former Wife moved for the court to enter an order awarding her reasonable attorneys' fees and costs. In December 2014, however, she declared bankruptcy, which stayed the determination.

Westchase Law represented the Former Wife in both the dissolution and the bankruptcy proceedings. As part of its agreement to represent her in the dissolution proceeding, Westchase Law had filed a charging lien against her property. In the bankruptcy proceeding, however, it did not file any claim in connection with its fees and costs in the dissolution proceeding, and the Former Wife did not declare the fee award, either as an asset due to her or as a debt that she owed to Westchase Law, in her bankruptcy petition.

In April 2015, the bankruptcy court granted the Former Wife a discharge under 11 U.S.C. § 727 (2012).

In August 2015, at the direction of the trial court, the parties filed memoranda of law addressing the effect of the bankruptcy proceeding on the fee award. The Former Husband argued that the Former Wife should be judicially estopped from pursuing the fee award against him in light of her failure to include it as an asset on her bankruptcy petition and that, in any event, the fee award should be zero because the bankruptcy proceeding had discharged the Former Wife's debt to Westchase Law. The Former Wife argued that judicial estoppel was unwarranted because she had consistently maintained that the fee award was not an asset of the bankruptcy estate, that her bankruptcy proceeding had not discharged the Former Husband's debt to her, that Westchase Law's lien was enforceable against both her and the Former Husband and could not be discharged in the bankruptcy, and that, in any event, she had reaffirmed her debt to Westchase Law after the bankruptcy had been discharged.

At a hearing before the trial court in September 2015, the evidence established that the Former Wife had disclosed the dissolution proceeding to the bankruptcy trustee in her statement of financial affairs and that, before the discharge, the trustee had also found out about the fee award. The trustee testified that after investigating the dissolution proceeding, she had not considered the fee award to be an asset of the estate.

The Former Wife's expert testified that absent any reaffirmation agreement, the Former Wife's debt to Westchase Law had been discharged and was uncollectible against her. The expert clarified that the debt still exists but is simply

unenforceable by Westchase Law against the Former Wife. Although the Former Wife's counsel repeatedly asserted that the Former Wife had reaffirmed her debt to Westchase Law, no evidence of any reaffirmation agreement was presented.

The trial court concluded that the Former Wife was not entitled to the fee award because (1) she was judicially estopped from pursuing the award based on her failure to list it as an asset in her bankruptcy petition and (2) she no longer owed Westchase Law any fees or costs because the bankruptcy had discharged her debt to it and because it had waived its claim by failing to file proof of the claim in the bankruptcy proceeding. The Former Wife challenges those conclusions on appeal.

Analysis

"[J]udicial estoppel 'is an equitable doctrine invoked by a court at its discretion.' " New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)). It "prevents litigants from taking inconsistent positions in separate judicial or quasi-judicial proceedings," Crawford Residences, LLC v. Banco Popular N. Am., 88 So. 3d 1017, 1020 (Fla. 2d DCA 2012) (quoting Zeeuw v. BFI Waste Sys. of N. Am., Inc., 997 So. 2d 1218, 1220 (Fla. 2d DCA 2008)), and "requires a showing that a litigant successfully maintained a position in one proceeding while taking an inconsistent position in a later proceeding," id. The purpose of the doctrine is to prevent a party from "making a mockery of justice by inconsistent pleadings" and from "playing fast and loose with the courts." Carter v. State, 980 So. 2d 473, 484 (Fla. 2008) (first quoting Am. Nat'l Bank v. Fed. Deposit Ins. Corp., 710 F.2d 1528, 1536 (11th Cir.1983); then quoting Russell, 893 F.2d at 1037).

- 4 -

In Slater v. U.S. Steel Corp., 27 Fla. L. Weekly Fed. C190, C193 (11th Cir. Sept. 18, 2017) (en banc), the United States Court of Appeals for the Eleventh Circuit recently addressed the doctrine in the context of a party who fails to identify a pending civil claim as an asset in the bankruptcy proceeding. In that well-reasoned opinion, the Eleventh Circuit en banc retreated from its earlier case law—on which the trial court in this case relied—prescribing an effectively ipso facto approach to determining whether such a party intended to make a mockery of justice, i.e., the failure to identify the claim evidenced, in itself, an intent to manipulate the proceedings. The Eleventh Circuit clarified that an evaluation of intent requires consideration of "all the facts and circumstances of the particular case," including

> such factors as the [party's] level of sophistication, whether
> and under what circumstances the [party] corrected the
> disclosures, whether the [party] told his bankruptcy attorney
> about the civil claims before filing the bankruptcy disclosures,
> whether the trustee or creditors were aware of the civil lawsuit
> or claims before the [party] amended the disclosures, whether
> the [party] identified other lawsuits to which he was a party,
> and any findings or actions by the bankruptcy court after the
> omission was discovered.

Id.

We are persuaded by the rationale behind Slater and, consistently with that opinion—of which, we emphasize, the trial court did not have the benefit—we hold that the trial court erred in concluding that the Former Wife should be judicially estopped from pursuing the attorney's fees award. The Former Wife disclosed the dissolution proceeding to the bankruptcy trustee, including that attorney's fees had been awarded (in an amount yet to be determined) in that proceeding; the trustee informed the Former Wife that the trustee had no interest in the attorney's fees; the trustee also informed the

Former Wife that the trustee had communicated with the Former Husband's counsel regarding the existence of the fee award in the final judgment and the existence of a charging lien filed by the Former Wife's attorneys; and the trustee, in fact, took no action with respect to the fee award in the bankruptcy proceeding. The totality of the circumstances, therefore, does not support a finding that the Former Wife intended to make a mockery of justice or that she was attempting to "play fast and loose with the courts."

The trial court also erred in concluding that "[t]he Former Wife is not entitled to recover attorneys' fees because she no longer owes her attorneys any fees or costs." Although the bankruptcy court discharged all of her prepetition debts, debts discharged in bankruptcy do not cease to exist; they simply become unenforceable. In re Quigley, 391 B.R. 294, 302 (Bankr. N.D.W. Va. 2008) (and cases cited therein); see also 11 U.S.C. § 524 (explaining effect of discharge in bankruptcy proceeding). Similarly, Westchase Law's failure to file a proof of claim in the bankruptcy proceeding does not waive the Former Wife's debt to Westchase Law but simply waives Westchase Law's ability to recover on the debt. See In re Aloia, 496 B.R. 366, 378 (Bankr. E.D. Pa. 2013) ("[D]isallowance of a claim owing to a creditor's failure to file a timely proof of claim does not negate the claim itself. It simply means that the creditor may be unable to receive a distribution from the chapter 7 trustee under 11 U.S.C. § 726."). In other words, to the extent that the Former Wife owed Westchase Law any fees and costs at the time of the discharge, she still owes them. But unless she reaffirmed the debt—and we agree with the trial court that nothing in the record establishes that she did— Westchase Law cannot collect on it.

Because the trial court erred in concluding that the Former Wife was judicially estopped from pursuing the fee award and was otherwise no longer entitled to do so because she no longer owes her attorneys any fees or costs, we vacate the court's order on those grounds and remand for a determination of her reasonable attorneys' fees and costs.[1]  The trial court's order is affirmed in all other respects.

Vacated in part; affirmed in part; remanded with instructions.

CASANUEVA and CRENSHAW, JJ., Concur.

---

[1]In so remanding, we do not foreclose the trial court's consideration of any equitable factors.  See Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997) (observing that proceedings under chapter 61, Florida Statutes, "are in equity and governed by basic rules of fairness as opposed to the strict rule of law" (citing § 61.011, Fla. Stat. (1995)).