NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JAMES FISCHER,                                    )
                                                  )
          Appellant,                              )
                                                  )
v.                                                )          Case No.  2D16-5307
                                                  )
HSBC BANK USA, NATIONAL                           )
ASSOCIATION AS TRUSTEE FOR                        )
DEUTSCHE ALT-A SECURITIES, INC.,                  )
MORTGAGE LOAN TRUST, SERIES                       )
2006-AR1; and DEBRA FISCHER,                      )
                                                  )
          Appellees.                              )
_____)

Opinion filed July 6, 2018.

Appeal from the Circuit Court for Charlotte
County; James R. Thompson, Judge.

Inger M. Garcia of Florida Litigation Group,
P.A., Lighthouse Point; and Rachel M. Coe
of Polaris Legal Group, Lighthouse Point,
for Appellant.

Zina Gabsi of Bryan Cave LLP, Miami; and
W. Bard Brockman of Bryan Cave LLP,
Atlanta, Georgia, for Appellee HSBC Bank
USA.

No appearance for remaining Appellee.


SILBERMAN, Judge.

James Fischer appeals a final judgment of mortgage foreclosure in favor of HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Series 2006-AR1 (HSBC), and contends that the trial court should have granted his motion for involuntary dismissal for lack of standing at inception. He contends that the trial court erred in taking judicial notice of the Third Amended Chapter 13 Plan in his bankruptcy proceedings and in preventing Fischer, based on the doctrine of judicial estoppel, from presenting a standing defense. We conclude that the judicially noticed bankruptcy documents do not show that Fischer is prohibited from opposing HSBC's foreclosure action. Because the trial court determined that the original plaintiff lacked standing at the inception of the lawsuit, we reverse and remand for the trial court to enter an involuntary dismissal.

The promissory note was executed in 2005, and the original lender was First National Bank of Arizona. A mortgage on property located at 830 Bloxham Avenue, Punta Gorda, secured repayment of the note. On May 7, 2008, Residential Funding Company, LLC (RFC), filed its two-count complaint against Fischer for mortgage foreclosure and to reestablish a lost note. In 2014, the case was placed on inactive status due to a bankruptcy stay. After RFC gave notice of the Order Confirming Plan (the Order), the trial court granted RFC's motion to reopen the foreclosure case.

Fischer then filed a verified motion to strike sham pleading on the basis that RFC did not have standing to file the complaint and contended that the complaint was falsely or fraudulently filed. RFC filed a motion to substitute HSBC as party plaintiff, and the trial court granted the motion. In 2016, HSBC voluntarily dismissed the lost note count.

The trial occurred on November 8, 2016, and the trial court prohibited Fischer from raising standing as a defense because the trial court determined, based on judicially noticed bankruptcy documents, that Fischer had surrendered the subject property in the bankruptcy. The trial court judicially noticed the Third Amended Chapter 13 Plan, the Order, and the Discharge of Debtor After Completion of Chapter 13 Plan. Paragraph I of the Third Amended Chapter 13 Plan is entitled "Surrender of Collateral/Leased Property." It provides that "Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan." The property at "830 Bloxham Ave." is one of the three properties listed as "Property/Collateral to be Surrendered" with the creditor for that property listed as "Ocwen Loan Svc." Paragraph 4 of the Order provides that "[c]laims are allowed and security surrendered to creditors set forth in Exhibit 'A.' " But Exhibit A does not list the Bloxham Avenue property or "Ocwen Loan Svc." or HSBC. The Order provides that modifications to the plan, whether by order or in open court, are incorporated in the Order.

The trial court allowed Fischer to proffer some evidence on standing, and HSBC's only witness, an employee of Ocwen Financial Servicing, admitted that it was his understanding that RFC did not own or hold the note at the time the lawsuit was filed. The note was not attached to the original complaint. The trial court found that the evidence failed to show that RFC had standing at inception but found that HSBC had standing at the time of trial. Fischer argued for an involuntary dismissal on the basis of lack of standing and other grounds. The trial court entered a final judgment of foreclosure in favor of HSBC.

Fischer contends that the trial court abused its discretion in taking judicial notice of the Third Amended Chapter 13 Plan when HSBC did not comply with the requirements for judicial notice. But regardless of whether judicial notice was proper, the bankruptcy documents that HSBC presented failed to show that Fischer actually surrendered the Bloxham property in his chapter 13 bankruptcy. Thus, the trial court erred in applying the doctrine of judicial estoppel to prevent him from presenting a defense of lack of standing.

The provisions of "a confirmed chapter 13 plan 'bind[ ] the debtor and each creditor.' " In re Scott, 567 B.R. 847, 851 (Bankr. S.D. Fla. 2017) (alteration in original) (quoting 11 U.S.C. § 1327(a) (2012)). A "chapter 13 plan provides for the disposition of each piece of property, including whether the debtor will surrender a property." Id. Although "debtors who surrender their property can no longer contest a foreclosure action," the creditor must still take the legal action of a foreclosure proceeding to recover the property. In re Failla, 838 F.3d 1170, 1177 (11th Cir. 2016) (dealing with a chapter 7 case); see also Scott, 567 B.R. at 851 (applying Failla to a chapter 13 case); In re Metzler, 530 B.R. 894, 899 (Bankr. M.D. Fla. 2015) (determining in a chapter 13 case that a surrender of property prohibited the debtor from "taking an overt act to prevent the secured creditor from foreclosing its interest in the secured property"). The Failla court recognized that "a creditor may be able to invoke the doctrine of judicial estoppel in state court to force debtors to keep a promise made in bankruptcy court." Failla, 838 F.3d at 1179.

The doctrine of judicial estoppel prevents a litigant from taking inconsistent positions in separate judicial proceedings. Zeeuw v. BFI Waste Sys. of N. Am., Inc.,

- 4 -

997 So. 2d 1218, 1220 (Fla. 2d DCA 2008). For the doctrine to apply, the party to be estopped must have successfully maintained the position assumed in the earlier proceedings. Id. Thus, the court in the first proceeding must have adopted that position for judicial estoppel to apply. Id. In addition, the doctrine of judicial estoppel "requires a mutuality of parties." Id. at 1221.

In Scott, the court stated that by opposing the state foreclosure action the debtor had violated the confirmed plan. 567 B.R. at 852. The court noted that the debtor was "bound by the confirmed chapter 13 plan" providing "that Debtor will surrender the homestead property." Id.; see also Rivera v. Bank of Am., N.A., 190 So. 3d 267, 267 (Fla. 5th DCA 2016) (stating that the bankruptcy court had entered an "order confirming the debt and surrender of the property" to Appellee Bank of America); In re Lapeyre, 544 B.R. 719, 720 (Bankr. S.D. Fla. 2016) ("[T]he confirmed plan provides for the surrender of the property.").

Nothing in the documents judicially noticed shows that by contesting standing Fischer would be violating the confirmed plan. The documents show that he indicated an intent to surrender the property to "Ocwen Loan Svc." But the Order states that Exhibit A sets forth the "security surrendered to creditors," and Exhibit A does not include the Bloxham property or "Ocwen Loan Svc." or HSBC. We do not know if the plan had been modified or what else may have occurred in the bankruptcy proceedings. Because the documents that the trial court judicially noticed do not reflect that the bankruptcy court adopted the surrender of the Bloxham property, the trial court should not have applied the doctrine of judicial estoppel to prohibit Fischer from raising the defense of standing.

Therefore, we reverse the final judgment of foreclosure. Because the trial court explicitly found that there was no standing at the inception of the lawsuit, we remand for the trial court to enter an involuntary dismissal. See Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 189 (Fla. 2d DCA 2016) (en banc) ("[I]t is axiomatic that standing must be shown as of the filing of the complaint." (quoting Eagles Master Ass'n v. Bank of Am., N.A., 198 So. 3d 12, 14 (Fla. 2d DCA 2015))).

Reversed and remanded with directions.

LaROSE, C.J., and SALARIO, J., Concur.