IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JORG M. RIVERA,

      Appellant,

 v.                                    Case No.  5D13-1618

BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, L.P., F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, L.P.,

      Appellee.

_____/

Opinion filed May 13, 2016

Appeal from the Circuit Court for
Marion County,
William T. Swigert, Senior Judge.

Mark A. Skipper, of Law Office of Mark A
Skipper, P.A., Orlando, for Appellant.

Mary J. Walter, of Liebler, Gonzalez &
Portuondo, Miami, for Appellee.

EDWARDS, J.

      While this appeal was pending before this court, the Appellant, Jorg Rivera, filed

for bankruptcy relief.  Relevant bankruptcy pleadings and orders were filed with this court,

and we granted Appellee's, Bank of America N.A., Successor by Merger to BAC Home

Loans Servicing, L.P., f/k/a, Countrywide Home Loans Servicing, L.P., request to take

judicial notice of those documents. In the bankruptcy proceeding, Appellant admitted that he owed a non-contingent, undisputed mortgage debt to Appellee, and he surrendered the mortgaged property to Appellee. The bankruptcy court entered its order confirming the debt and surrender of the property. *See In re Metzler*, 530 B.R. 894, 900 (Bankr. M.D. Fla. 2015) ("In the context of Bankruptcy Code §§ 521 and 1325, the Court concludes the term ["surrender"] means that a debtor must relinquish secured property and make it available to the secured creditor by refraining from taking any overt act that impedes a secured creditor's ability to foreclose its interest in secured property."). Appellant's actions and the orders of the bankruptcy court have fully resolved this matter.

APPEAL DISMISSED.

LAWSON, C.J. and PALMER, JJ., concur.

2