PER CURIAM.
Appellant, Clay County Land Trust, appeals a foreclosure judgment entered in favor of Appellee, HSBC Bank USA, National Association. During the pen-dency of this appeal, a bankruptcy proceeding was initiated involving several land trusts, including Appellant, and several properties, including the one at issue in this case. Appellee has now moved to dismiss this appeal based upon a stipulation that was entered in the bankruptcy proceeding wherein the land trusts, including Appellant, “surrendered] any and all of their interest(s)” in the properties. We agree with Appellee that the stipulation rendered this appeal moot and that Appellant is judicially estopped from now proceeding with its challenge to the foreclosure judgment. See Olmsted v. Emmanuel, 783 So.2d 1122, 1126 (Fla. 1st DCA 2001) (noting that the equitable doctrine of judicial estoppel prevents litigants from taking totally inconsistent positions in separate judicial proceedings to the prejudice of the adverse party); see also In re Metzler, 530 B.R. 894, 899 (Bankr. M.D. Fla. 2015) (holding that the term “surrender” means “not taking an overt act to prevent the secured creditor from foreclosing its interest in the secured property”); Rivera v. Bank of Am., N.A., 190 So.3d 267, 267 (Fla. 5th DCA 2016) (dismissing the appeal, noting that the appellant admitted in the bankruptcy proceeding that he owed a mortgage debt to the appellee and the bankruptcy court entered an order confirming the debt and “surrender” of the property, and determining that “Appellant’s actions and the orders of the bankruptcy court have fully resolved' this matter”). We, therefore, grant Appellee’s motion and dismiss this appeal. ■
DISMISSED.
LEWIS, B.L. THOMAS, and ROWE, JJ., CONCUR.