IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BLACK POINT ASSETS, INC.,

      Appellant,

 v.                                       Case No. 5D16-1026

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE"),
A CORPORATION ORGANIZED AND
EXISTING UNDER THE LAWS OF THE
UNITED STATES OF AMERICA,

      Appellee.
_____/

Opinion filed June 16, 2017

Appeal from the Circuit Court
for Sumter County,
Michelle T. Morley, Judge.

Mark P. Stopa, of Stopa Law Firm, LLC,
Tampa, for Appellant.

Roy A. Diaz and Adam A. Diaz, of SHD
Legal Group, P.A., Fort Lauderdale, for
Appellee.

COHEN, C.J.

     Black Point Assets, Inc. ("Black Point") appeals the summary final judgment of

foreclosure against a property it purchased following a bankruptcy sale. Black Point

argues that the trial court erred in not dismissing the complaint for failing to plead and

prove that Federal National Mortgage Association ("Fannie Mae") had a superior interest

in the property. We affirm because the complaint properly alleged all of the necessary

facts to state a claim for foreclosure, and Fannie Mae submitted sufficient summary-judgment evidence to establish a prima facie claim for foreclosure. Black Point's additional objections to the summary judgment were not preserved for appeal.

Fannie Mae filed an initial complaint seeking foreclosure on a note and mortgage signed by Mary S. Cehi, the original homeowner. The note was payable to Countrywide Bank, FSB, and indorsed in blank. Attached to the complaint were assignments of the note from Countrywide to Bank of America, N.A., and then from Bank of America to Fannie Mae. The complaint further alleged that Cehi had defaulted on her obligations on August 1, 2013; that Fannie Mae had accelerated the note; and that $121,650.33 were due and owing on the note. Finally, the complaint alleged that Black Point was the current owner of the property.

Black Point acquired the property in January of 2014 in a private sale for $2000, following Cehi's Chapter 7 bankruptcy. The bankruptcy trustee sold the property "As is, Where is" with notice of the $121,650.33 lien on the property. Black Point's "Trustee's Quitclaim Deed" specifically stated that the deed issued subject to all liens and encumbrances. Fannie Mae's interest had been recorded in 2007.

Black Point later moved to dismiss the complaint, alleging, among other things, that the complaint failed to allege Fannie Mae's interest was superior to Black Point's interest because a section of the complaint listing "inferior interests" did not list Black Point. The trial court denied the motion. After Black Point answered the complaint, Fannie Mae moved to strike Black Point's affirmative defenses, and the court granted the motion. Black Point's affidavit in opposition to summary judgment was struck as well because it was not based on personal knowledge.

Fannie Mae then filed an amended motion for summary judgment and requested the court to take judicial notice of the bankruptcy records, including the trustee's intention to sell the property "As is, Where is," and the trustee's quitclaim deed. A hearing was held on the summary-judgment motion, which counsel for Black Point attended even though there was no operative response to the motion for summary judgment after Black Point's affirmative defenses had been struck. The court granted Fannie Mae's motion.

On appeal, Black Point argues that the court erred in denying its motion to dismiss the complaint. This Court reviews an order on a motion to dismiss de novo. <u>Deutsche Bank Nat'l Tr. Co. v. Lippi</u>, 78 So. 3d 81, 84 (Fla. 5th DCA 2012). The purpose of a motion to dismiss is to test the legal sufficiency of the allegations made in the complaint. <u>Bilbrey v. Myers</u>, 91 So. 3d 887, 890 (Fla. 5th DCA 2012). By rule, the complaint need only include a "short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Fla. R. Civ. P. 1.110(b). The elements of a foreclosure complaint are: 1) an agreement, 2) a default, 3) an acceleration of the amount due, and 4) the amount due. <u>Kelsey v. SunTrust Mortg., Inc.</u>, 131 So. 3d 825, 826 (Fla. 3d DCA 2014).

Fannie Mae's complaint clearly met all four elements. It attached the mortgage showing an agreement between the parties. It also alleged a default and acceleration, then specified the amount due. Black Point provides no support for its argument that the plaintiff needs to allege the superiority of its interest in the property vis-à-vis named defendants.

By naming a party in the complaint, the plaintiff provides notice to the named parties that the plaintiff is asserting a superior interest. <u>See</u> <u>U.S. Bank Nat'l Ass'n v. Bevans</u>, 138 So. 3d 1185, 1187 (Fla. 3d DCA 2014) ("Parties claiming title superior to the

3

lien of a mortgage being foreclosed are not proper parties to the foreclosure suit." (quoting Gonzalez v. Chase Home Fin. LLC, 37 So. 3d 955, 957 (Fla. 3d DCA 2010))). If the plaintiff succeeds on its claim, the foreclosure will extinguish the interests of parties having an inferior interest. Bank of Am., N.A. v. Kipps Colony Condo. Ass'n, 201 So. 3d 670, 674–75 (Fla. 2d DCA 2016). Because every complaint seeking foreclosure necessarily alleges that the plaintiff's interest in the property is superior to the parties' interests being foreclosed, we do not believe a complaint fails to state a claim simply because it does not explicitly state as much.[1]

Finally, Black Point argues that Fannie Mae's summary-judgment evidence, which established that Black Point took its interest in the property subject to, and with notice of, Fannie Mae's interest, was not proper summary-judgment evidence.[2] We find that this issue is waived as Black Point has not established that the issue was ever raised below. See, e.g., Aills v. Boemi, 29 So. 3d 1105, 1109 (Fla. 2010) (explaining that appellate review is limited to "specific grounds raised at trial"). Black Point cites a number of cases in which courts have held that a transcript of a summary-judgment hearing is not necessary to preserve an issue for appeal. See, e.g., Houk v. PennyMac, Corp., 210 So. 3d 726, 730–31 (Fla. 2d DCA 2017). Yet, in those cases, the issue was presented to the

---

[1] Alternatively, we note that the complaint's "wherefore" clause requested the court determine that its interest is "superior to any and all right, title or interest of the Defendants herein." This statement provides notice to the defendants of the relief sought.

[2] Orders granting summary final judgment are reviewed de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c). The motion must be based on "summary-judgment evidence"—affidavits, answers to interrogatories, admissions, depositions, and other evidence that would be admissible at trial. Id.

4

court through some other motion or paper, allowing the appellate court to be sure that the issue was actually raised and ruled on at some point. Here, Black Point's affirmative defenses were all struck along with its opposition to summary judgment. Therefore, there is no way for this Court to determine whether Black Point ever challenged Fannie Mae's summary-judgment evidence during the proceedings below.

Even if the issue were preserved, Black Point's argument lacks merit. The summary-judgment evidence establishing the superiority of Fannie Mae's interest included records from the bankruptcy court, along with the recorded deed. Fannie Mae requested the court to take judicial notice of the bankruptcy court records, which was proper. See § 90.202(6), Fla. Stat. (2014) (providing for the judicial notice of records of any court of the United States). The recorded deed was admissible as a public record and also established Fannie Mae's superior interest. See § 90.955, Fla. Stat. (2014); see also §§ 695.01, 695.11, Fla. Stat. (2014) (explaining that priority of interests are established by the order they are recorded). Therefore, Black Point's argument fails on its merits as well. In the absence of evidence in opposition to summary judgment, the party moving for summary judgment need only establish its prima facie case. Butler v. Butler, 870 So. 2d 239, 240 (Fla. 2d DCA 2004). We find that Fannie Mae has met that burden. Accordingly, we affirm the summary final judgment order.

AFFIRMED.

BERGER, J., and NICHOLS, D., Associate Judge, concur.