DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHELLE A. SAYLES,**
Appellant,

v.

**NATIONSTAR MORTGAGE, LLC,**
Appellee.

No. 4D17-1324

[December 5, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry Stone, Judge; L.T. Case No. CACE09059061.

Rachel M. Coe of Polaris Legal Group, Pompano Beach, for appellant.

Nancy M. Wallace of Akerman LLP, Tallahassee, Eric M. Levine of Akerman LLP, West Palm Beach, William P. Heller of Akerman LLP, Fort Lauderdale, and Celia C. Falzone of Akerman LLP, Jacksonville, for appellee.

MAY, J.

The borrower appeals a final judgment of foreclosure. She argues the trial court erred in taking judicial notice of bankruptcy pleadings, striking her affirmative defenses, and in prohibiting her from defending the foreclosure action. We disagree and affirm.

The borrower executed a note and mortgage with America's Wholesale Lender ("AWL") in 2005. In 2009, BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("BAC") filed a complaint in its own name seeking to foreclose the mortgage. Attached to the original complaint was an unindorsed note and mortgage without any assignments. The borrower filed her answer and sixteen affirmative defenses, chiefly that BAC was not the owner of the note, was not the holder of the note, and lacked standing to foreclose.

In 2013, the borrower filed a suggestion of bankruptcy. In December of 2013, the bankruptcy court discharged her personal liability for the mortgage loan, pursuant to her intention to surrender the property to the

bank, and the foreclosure continued.

Through a substitution of parties, Nationstar Mortgage LLC became the plaintiff bank. The borrower filed an amended answer, continuing to challenge standing at inception, the right to foreclose, and the lack of notice of any assignment of note or mortgage.

Nationstar filed an amended complaint, attaching a new copy of the note bearing a blank indorsement. The borrower answered, and raised 37 affirmative defenses, primarily challenging standing at inception and lack of standing to foreclose.

Nationstar moved to strike the defendant's affirmative defenses. In addition to copies of the note and mortgage, it attached bankruptcy documents, highlighting the borrower's intention to surrender the property to the bank. The trial court initially deferred ruling on the motion. Nationstar replied to the answer, and argued that the borrower's surrender of the property in the bankruptcy proceedings judicially estopped her from defending the foreclosure action. It then filed a renewed motion to strike the borrower's affirmative defenses. The trial court denied Nationstar's motion without prejudice.

After the borrower's counterclaims were dismissed with prejudice, Nationstar moved to compel property surrender and for costs, again claiming the borrower was judicially estopped from contesting the foreclosure because she had surrendered the property to Nationstar in the bankruptcy proceeding. Nationstar requested judicial notice of all filings listed on borrower's bankruptcy docket.

A successor judge ultimately granted the motion to compel property surrender, stating that "[b]ecause 'surrender' means 'giving up of a right or claim,' debtors who surrender their property can no longer contest a foreclosure action." (quoting *In re Failla*, 838 F.3d 1170, 1177 (11th Cir. 2016)). The court also struck the borrower's affirmative defenses and precluded the borrower from interfering with the foreclosure action.

At trial, Nationstar admitted: 1) an original, blank-indorsed note; 2) a certified copy of the mortgage; 3) a certified copy of a mortgage assignment from AWL to BAC; 4) a notice of intent to foreclose; and 5) payment records. The borrower did not attend the trial. The court entered a final judgment of foreclosure, from which the borrower now appeals.

The borrower first argues the trial court erred in taking judicial notice of the unauthenticated bankruptcy documents because they contained

2

inadmissible hearsay. She also argues the court erred in relying on opposing counsel's unsworn statements in determining the property was surrendered in bankruptcy. Nationstar responds that the borrower did not properly object to Nationstar's request for judicial notice; and even if she had, the court may take judicial notice of the records of any court of this state or any court of record of the United States.

We review a trial court's decision to grant a request for judicial notice for an abuse of discretion. *Schwab v. State*, 969 So. 2d 318, 322 (Fla. 2007).

Section 90.202, Fla. Stat. (2017) provides: "[a] court may take judicial notice of . . . (6) Records of any court of this state or of any court of record of the United States or of any state, territory, or jurisdiction of the United States." This statute permits judicial notice of bankruptcy records. *Black Point Assets, Inc. v. Fed. Nat'l Mortg. Ass'n*, 220 So. 3d 566, 569 (Fla. 5th DCA 2017).

But, the Supreme Court of Florida has instructed that "documents contained in a court file, even if that entire court file is judicially noticed, are still subject to the same rules of evidence to which all evidence must adhere." *Stoll v. State*, 762 So. 2d 870, 877 (Fla. 2000). "'[T]he practice of taking judicial notice of adjudicative facts should be exercised with great caution' because 'the taking of evidence, subject to established safeguards, is the best way to resolve disputes concerning adjudicative facts.'" *DiGiovanni v. Deutsche Bank Nat'l Tr. Co.*, 226 So. 3d 984, 989 (Fla. 2d DCA 2017), *reh'g denied* (May 16, 2017) (citations omitted).

The borrower argues that it was an abuse of discretion for the trial court to take judicial notice of the bankruptcy proceeding due to the "unverified nature of the bankruptcy papers." Nationstar responds that the borrower failed to properly preserve her objection because there was no written response or hearing transcript. *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979).

The borrower ultimately filed the hearing transcript, but the transcript did not cure the problem because the borrower did not object to Nationstar's request for judicial notice at the hearing. Thus, the issue was unpreserved.

The borrower next argues the trial court erred in granting Nationstar's motion to compel property surrender, which effectively struck her affirmative defenses, preventing her from challenging standing. Nationstar responds the court correctly granted its motion to compel property

surrender based on judicial estoppel.[1]

The Eleventh Circuit in *In re Failla* held, "[d]ebtors who surrender property must get out of the creditor's way." *Failla*, 838 F.3d at 1177. This landmark decision held that a surrender of property in bankruptcy precludes the borrower from contesting the foreclosure of that property. *Id.* at 1173.

The borrower argues the trial court erred in relying on *Failla*. Instead, she suggests the court should have relied on subsequent cases that have attempted to narrow *Failla's* application. *See, e.g., In re Thomas*, 2017 WL 3309719, at *2 (Bankr. S.D. Fla. Feb. 10, 2017); *Fischer v. HSBC Bank USA, N.A.*, 2018 WL 3320860 at *2 (Fla. 2d DCA July 6, 2018).

Florida District Courts of Appeal have reached different conclusions on how to treat a surrender of property. For example, in *Rivera v. Bank of America, N.A.*, 190 So. 3d 267, 267 (Fla. 5th DCA 2016), the Fifth District dismissed the borrower's appeal of a foreclosure judgment after the borrower surrendered the property in bankruptcy. "[The borrower's] actions and the orders of the bankruptcy court have fully resolved this matter." *Id.*

The First District similarly dismissed an appeal after the borrower surrendered any and all of their interests in the property. *Clay County Land Tr. v. HSBC Bank USA, N.A.*, 219 So. 3d 1015, 1016 (Fla. 1st DCA 2017). "[T]he stipulation rendered this appeal moot and [the borrower] is judicially estopped from now proceeding with its challenge to the foreclosure judgment." *Id.*

The Second District Court of Appeal however reached a different conclusion in *Fischer*. *Fischer*, 2018 WL 3320860 at *2. There, the Second District stated that "regardless of whether judicial notice was proper, the bankruptcy documents that HSBC presented failed to show that [the borrower] actually surrendered the . . . property in his chapter 13 bankruptcy." *Id.* The court held that "the trial court erred in applying the doctrine of judicial estoppel to prevent [the borrower] from presenting a defense of lack of standing." *Id.*

---

[1] A judicial estoppel claim is subject to a mixed standard of review: "'[t]o the extent the trial court's order is based on factual findings, [the appellate court] will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.'" *Anfriany v. Deutsche Bank Nat'l Tr. Co.*, 232 So. 3d 425, 427 (Fla. 4th DCA 2017) (citations omitted).

Unlike *Fischer*, however, there is no uncertainty of the property's surrender in this case. Here, the borrower consistently identified Nationstar as the party to whom she intended to surrender the property in the bankruptcy proceeding.[2] She is judicially estopped from contesting standing in the state foreclosure action.

Lastly, the borrower argues the final judgment of foreclosure should be reversed because she was improperly prevented from participating in the foreclosure and pursuing her standing defense. Nationstar responds that even if the trial court should not have struck the borrower's affirmative defenses based on the surrender, she cannot show reversible error because she failed to attend the trial. This is especially true in light of Nationstar's unopposed prima facie case. *See Black Point Assets, Inc.*, 220 So. 3d at 568-69. We agree.

Here, the trial court correctly took judicial notice of the bankruptcy pleadings, struck the borrower's affirmative defenses, and estopped her from defending the foreclosure action. The bank proved its case, and the trial court correctly entered the foreclosure judgment.

For the foregoing reasons, we affirm.

*Affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Other courts have more narrowly construed *Failla*. In *In Re Thomas*, the court held that "*Failla* does not require a debtor to surrender his or her property to just any creditor, but to the creditor or creditors with standing to pursue rights in the subject property" and "does not require a surrendering debtor to concede the issue of standing to any party who may pursue the debtor in state court." *In re Thomas*, 2017 WL 3309719 at *2. In *In re Ayala*, the court stated that "[i]n the end, common sense must dictate *Failla*'s application to the particular facts of different cases" because "*Failla* should not be viewed as *carte blanche* for post-bankruptcy lender misconduct." *In re Ayala*, 568 B.R. 870, 873-74 (Bankr. M.D. Fla. 2017).