NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MACK D. LEWIS,                    )
                                          )
        Appellant,         )
                                            )
v.                             )        Case No. 2D18-2116
                                            )
INNOVA INVESTMENT GROUP,  )
LLC, and SHAREESE LEWIS,    )
                                            )
        Appellees.        )
_____)

Opinion filed October 2, 2019.

Appeal from the Circuit Court for
Polk County; Steven L. Selph, Judge.

James N. Charles of Law Office James N.
Charles, Celebration, for Appellant.

Matthew Estevez of Matthew Estevez,
P.A., Doral, for Appellee Innova Investment
Group, LLC.

No appearance for Appellee Shareese
Lewis.

ATKINSON, Judge.

        Mack D. Lewis appeals the Final Summary Judgment of Foreclosure

entered in favor of Innova Investment Group, LLC (Innova). On the day before the

foreclosure sale, Mr. Lewis filed a petition in United States Bankruptcy Court, Middle

District of Florida, under chapter 7 of the bankruptcy code. After issuing an order to show cause, we took judicial notice of the statement of intentions and the order of discharge entered in Mr. Lewis' bankruptcy case. In the statement of intentions, Mr. Lewis elected to surrender the subject property. Innova contends that Mr. Lewis is estopped from challenging the foreclosure judgment because he agreed to surrender the subject property in his bankruptcy case. We agree and dismiss the appeal as moot.

Borrowers, like Mr. Lewis, who have surrendered real estate in their bankruptcy cases, cannot subsequently contest a mortgage foreclosure action involving that property. See, e.g., Sayles v. Nationstar Mortg., LLC, 268 So. 3d 723, 727 (Fla. 4th DCA 2018) (holding that the borrower was judicially estopped from contesting standing in the foreclosure action because Sayles surrendered the property in her bankruptcy case); Clay Cty. Land Tr. v. HSBC Bank USA, N.A., 219 So. 3d 1015, 1016 (Fla. 1st DCA 2017) (concluding that after stipulating to the surrender of the properties in the bankruptcy proceeding, the land trust was estopped from challenging the foreclosure); see also In re Failla, 838 F.3d 1170, 1178 (11th Cir. 2016) ("Because the Faillas filed a statement of intention to surrender their house, they cannot contest the foreclosure action."); In re Metzler, 530 B.R. 894, 899 (Bankr. M.D. Fla. 2015) ("[T]his [c]ourt concludes that relinquishing property and making it available to the secured creditor— i.e., 'surrendering' the property—means not taking an overt act to prevent the secured creditor from foreclosing its interest in the secured property.").

This court recently found error in the application of the doctrine of judicial estoppel to prohibit a defendant from raising a standing defense when judicially noticed documents did "not reflect . . . the surrender of the . . . property." Fischer v. HSBC Bank

USA, Nat'l Ass'n for Deutsche Alt-A Sec., Inc., Mortg. Loan Tr., Series 2006-AR1, 257 So. 3d 512, 515 (Fla. 2d DCA 2018). But unlike the debtor in Fischer, Mr. Lewis clearly and unambiguously declared in his statement of intentions his election to surrender the subject property. See Sayles, 268 So. 3d at 727 ("Unlike Fischer, however, there is no uncertainty of the property's surrender in this case."). As a result, Mr. Lewis is judicially estopped from contesting the foreclosure judgment, thereby rendering this appeal moot. See Clay Cty., 219 So. 3d at 1016 (holding that an appeal from a foreclosure judgment was moot after the parties entered into a stipulation in the land trust's bankruptcy case providing for the surrender of all interest in the subject properties); Rivera v. Bank of Am., N.A. ex rel. BAC Home Loans Servicing, L.P., 190 So. 3d 267, 267 (Fla. 5th DCA 2016) (dismissing a foreclosure appeal where the debtor had admitted in his bankruptcy case that "he owed a non-contingent, undisputed mortgage debt to Appellee, and he surrendered the mortgaged property to Appellee").

Dismissed.


NORTHCUTT and SILBERMAN, JJ., Concur.