# Third District Court of Appeal

## State of Florida

Opinion filed July 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-289 & 3D21-24
Lower Tribunal Nos. 18-332 AP; 13-389 SP;
18-331 AP; 13-387 SP

_____

**Doral Health Center, P.A.,
a/a/o Ernesto Fiallo, and a/a/o Esperanza Escariz,**
Appellants,

vs.

**State Farm Mutual Automobile Insurance Company,**
Appellee.

Appeals from the County Court for Miami-Dade County, Catherine M. Pooler, Senior Judge.

Best & Menendez, and Virginia M. Best and Johanna M. Menendez, for appellants.

Cole, Scott & Kissane, P.A., and Thomas L. Hunker, Michael A. Rosenberg (Plantation), and Sarah Hafeez (Fort Lauderdale), for appellee.

Before LOGUE, SCALES, and LOBREE, JJ.

LOGUE, J.

In these consolidated appeals, Doral Health Center, P.A., as assignee of the insureds Ernesto Fiallo and Esperanza Escariz, appeals from two county court orders granting final summary judgment in favor of State Farm Mutual Automobile Insurance Company. We affirm.

The insurance claims that led to these appeals arise from an automobile accident in June 2012. At the time, the insureds had a policy with State Farm which included Personal Injury Protection benefits in the amount of $10,000, with a $1,000 deductible for each insured. After the accident, the insureds received medical services from various providers, including Doral Health. Each insured executed an assignment of benefits in favor of Doral Health.

Doral Health submitted claims to State Farm for its medical bills totaling $886.44 for Escariz and $880.08 for Fiallo on July 20, 2012, and August 2, 2012. Prior to Doral Health submitting its claims, two other medical providers (Fiallocare Therapy Center Inc. and YH Imaging Inc.) had also submitted claims to State Farm. State Farm denied all claims because the insureds had failed to comply with the terms of their policy by not attending their

examination under oath.[1] Because these claims were denied by State Farm, the insureds' deductible remained unsatisfied.

In 2013, Doral Health brought this action to recover its medical bills. Thereafter in 2018, once the statute of limitations[2] ran on the claims submitted by Fiallocare Therapy and YH Imaging, State Farm moved for summary judgment asserting that the $1,000 deductible applied to Doral Health's bills assuming they were the next compensable bills. In support of its motion, State Farm filed an affidavit from a claims adjuster with personal knowledge of the disputed claims.

Doral Health did not file a written response to State Farm's motion. Instead, Doral Health filed a notice of identification of evidence and attached the deposition transcripts of one of the insureds and of the claims adjuster. In its notice, Doral Health asserted that the deposition transcripts were to be

---

[1] At oral argument, Doral Health conceded that the insureds had failed to attend their examination under oath as required under the policies.

[2] The applicable statute of limitations provides that an action for breach of an insurance contract must be filed within five years of the cause of action accruing. § 95.11(2)(b), Fla. Stat. (2013). The breach occurs upon an insurer's denial of a claim. Allstate Ins. Co v. Kaklamanos, 843 So. 2d 885, 892 (Fla. 2003) (noting "the statute of limitations runs from the time the insurer denies the PIP claim because this is the date that the contract is breached" (citing State Farm Mut. Auto. Ins. Co. v. Lee, 678 So. 2d 818, 820 (Fla. 1996))). Therefore, an insured or provider has five years in which to bring an action against the insurer for payment after a claim is denied.

presented as evidence in opposition to State Farm's motion at a scheduled hearing, but it did not state the significance of the evidence or provide any argument. After the hearing, for which there is no transcript in the record as there was no court reporter present, the trial court granted State Farm's motion in two unelaborated orders and entered judgment in its favor in each case. Doral Health did not move for rehearing. These appeals followed.

Doral Health argues the trial court erred in granting final summary judgment because State Farm misapplied the deductible to Doral Health's bills after the statute of limitations ran on the other providers' medical bills. State Farm, however, responds by contending that Doral Health did not preserve its argument for appellate review. We are forced to agree.

"In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) (citation omitted). While a transcript of a summary judgment hearing is not necessary to preserve an issue for appeal, the issue must still be "presented to the court through some other motion or paper, allowing the appellate court to be sure that the issue was actually raised and ruled on at some point." Black Point Assets, Inc. v. Fed. Nat'l

Mortg. Ass'n, 220 So. 3d 566, 568–69 (Fla. 5th DCA 2017); see also Bertolotti v. Dugger, 514 So. 2d 1095, 1096 (Fla. 1987) ("In order to preserve an issue for appellate review, the specific legal argument or ground upon which it is based must be presented to the trial court."). Otherwise, the appellate court is unable to determine whether the trial court was given an opportunity to review and consider the same issues raised on appeal. See Aills v. Boemi, 29 So. 3d 1105, 1108–10 (Fla. 2010) (noting errors not raised in the trial court are not properly preserved for appeal); Broadfoot v. Broadfoot, 791 So. 2d 584, 585 (Fla. 3d DCA 2001) ("As a general rule, we decline to consider claims which were not presented in the first instance in the trial court.").

In the record before us, we do not know what arguments Doral Health made to the trial court so we cannot determine whether or not the trial court erred in rejecting those arguments. Doral Health did not file a written response to State Farm's motion, file a transcript of the hearing below, have a trial court approve a statement of the proceedings prepared in accordance with Florida Rule of Appellate Procedure 9.200(b)(5), ensure its argument was referenced in the trial court orders under review, or move for rehearing in a manner that might document whatever argument it made. The mere filing of deposition transcripts in opposition to a summary judgment motion,

5

without any reference to their significance to the motion or to the arguments to be presented at the hearing, is not enough to inform this Court what arguments Doral Health made to the trial court.

Affirmed.