# Third District Court of Appeal

## State of Florida

Opinion filed December 1, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D20-610 & 3D20-1038
Lower Tribunal No. 15-18011

_____

**Juan M. Alvarez,**
Appellant,

vs.

**Lina Paola Jimenez,**
Appellee.

Appeals from a non-final order and a final order from the Circuit Court for Miami-Dade County, Victoria del Pino, Judge.

Eaton & Wolk, PL, and Douglas F. Eaton, for appellant.

Jeffrey Law, PA, and Robert Stone Jeffrey; The Padron Law Group, PLLC, and Luis Padron, for appellee.

Before EMAS, LINDSEY and MILLER, JJ.

EMAS, J.

These consolidated appeals arise out of a dissolution of marriage proceeding between Juan Alvarez (the Father) and Lina Paola Jimenez (the Mother). Two children were born of the marriage (a son born in 2012 and a daughter born in 2014). The Father filed a petition for dissolution in July 2015, averring that the parties have lived in Florida for at least six months before the date of the petition. The affidavits attached to the petition (filed pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act or UCCJEA), also indicated where each of the children had lived during the relevant time periods. When the Mother did not respond to the petition, a default was entered, and a default final judgment of dissolution was rendered on January 4, 2016. Regarding the two minor children, the final judgment, provided, inter alia, that Florida was the habitual residence of the children and that the Mother wrongfully retained the children in Colombia. The final judgment also granted the Father sole parental responsibility, with supervised timesharing by the Mother to be provided by further court order upon return of the children to the Father in Florida.

Thereafter, the Mother filed a motion to vacate those portions of the final judgment containing custody and child-related determinations involving the parties' two minor children. After conducting a two-day evidentiary hearing, the trial court granted the Mother's motion to vacate. By separate

2

order, the trial court awarded $180,400.72 in attorney's fees to the Mother as the prevailing party, pursuant to section 61.535, Florida Statutes (2020) (providing for prevailing party attorney's fees where a party seeks enforcement of a foreign custody decree). The Father appeals the order granting the Mother's motion to vacate, as well as the separate order awarding attorney's fees. For the reasons noted below, we affirm the order vacating the final judgment, but reverse the order awarding the Mother attorney's fees under section 61.535.

As to the first order, the trial court granted the Mother's motion and vacated that portion of the final judgment relating to "any and all child custody determinations over the parties' two minor children and any child-related rulings over same" upon a determination that Colombia, not Florida, was the home state of the minor children during the relevant time periods, and that the trial court therefore lacked subject-matter jurisdiction to make an initial child custody determination under section 61.514, Florida Statutes (2015).[1]

---

[1] Section 61.514(1) provides the circumstances under which "a court of this state has jurisdiction to make an initial child custody determination." Relevant to this case, a Florida court has jurisdiction to make such a determination only if

> [t]his state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the

Upon our review, we find no error in the trial court's determination, see Martinez v. Lebron, 284 So. 3d 1146, 1149 (Fla. 5th DCA 2019) (reviewing for competent substantial evidence the trial court's factual determination of the child's "home state" under section 61.514, Florida Statutes); Holub v. Holub, 54 So. 3d 585, 587 (Fla. 1st DCA 2011)(reviewing for competent substantial evidence the trial court's application of section 61.514, Florida Statutes to the facts presented), and reject the Father's contention that the trial court erred in failing to apply the doctrine of judicial estoppel. See Golden Cape of Fla., Inc. v. Ospina, 324 So. 3d 558, 559 (Fla. 3d DCA 2021) (observing "it is axiomatic that subject matter jurisdiction cannot be conferred by estoppel"); Sayles v. Nationstar Mortg., LLC, 268 So. 3d 723, 726 n. 1 (Fla. 4th DCA 2018) (holding: "A judicial estoppel claim is subject to a mixed standard of review: [t]o the extent the trial court's order is based on factual

---

proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state. . . .

"Home state" is defined in section 61.503(7), and means

the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding. In the case of a child younger than 6 months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

4

findings, [the appellate court] will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review") (quotation omitted). The Father neither established the requisite elements for judicial estoppel, see Blumberg v. USAA Cas. Ins. Co., 790 So. 2d 1061, 1066 (Fla. 2001) (holding: "In order to work an estoppel, the position assumed in the former trial must have been successfully maintained. In proceedings terminating in a judgment, the positions must be clearly inconsistent, the parties must be the same and the same questions must be involved. So, the party claiming the estoppel must have been misled and have changed his position; and an estoppel is not raised by conduct of one party to a suit, unless by reason thereof the other party has been so placed as to make it to act in reliance upon it unjust to him to allow that first party to subsequently change his position. There can be no estoppel where both parties are equally in possession of all the facts pertaining to the matter relied on as an estoppel; where the conduct relied on to create the estoppel was caused by the act of the party claiming the estoppel, or where the positions taken involved solely a question of law") (quotation omitted), nor—assuming all such elements were established—demonstrated the trial court abused its discretion in declining to apply the doctrine, see Grau v. Provident Life & Acc. Ins. Co., 899 So. 2d 396, 401 (Fla. 4th DCA 2005) ("[T]he doctrine of judicial

5

estoppel does not elevate mere prior inconsistent statements into a case busting equitable defense.")

However, we reverse the order awarding attorney's fees, which we review de novo. See Spano v. Bruce, 62 So. 3d 2, 6 (Fla. 3d DCA 2011) (explaining that, generally, an "abuse of discretion standard governs the review of an award of attorney's fees. Where entitlement to attorney's fees depends upon the interpretation of a statute, however, the standard of review is de novo") (citations omitted). The Mother was not entitled to an award of attorney's fees under section 61.535 because her motion sought to vacate a final judgment, not to enforce a foreign custody decree under the UCCJEA.[2]

---

[2] Section 61.535, Florida Statutes (2020), is contained within Part II of Chapter 61; Part II is entitled "Uniform Child Custody Jurisdiction and Enforcement Act," and was designed "to avoid jurisdictional competition between states or countries, promote interstate cooperation, avoid relitigation of another state's or country's custody decisions, and facilitate enforcement of another state's or country's custody decrees." N.B. v. Dept. of Children and Families, 274 So. 3d 1163, 1167 (Fla. 3d DCA 2019) (quotation omitted). Section 61.535, entitled "Costs, fee, and expenses" is a prevailing-party attorney's fee statute for enforcement proceedings under the UCCJEA, and provides:

> So long as the court has personal jurisdiction over the party against whom the expenses are being assessed, the court shall award the prevailing party, including a state, necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney's fees, investigative fees, expenses for witnesses, travel expenses, and expenses for child care during the course of the proceedings,

6

See Nagl v. Navarro, 187 So. 3d 359, 361 (Fla. 4th DCA 2016) (explaining that section 61.535 "applies where a party seeks enforcement of a custody decree from another state").  At most, the latter is an indirect consequence of the trial court's order.

However, and as the Father properly concedes, the Mother may be entitled to an award of attorney's fees under section 61.16, Florida Statutes (2021).  While both statutes authorize the award of attorney's fees, they each serve different purposes and require consideration of different factors.  As already indicated, section 61.535 authorizes an award of fees to a prevailing party in an enforcement proceeding under the UCCJEA.  By contrast, section 61.16 is not a prevailing party statute.  Instead, its purpose is to "level the playing field in family-law proceedings, ensuring both parties have an equal ability to obtain competent legal counsel." Martin v. Martin, 959 So. 2d 803, 805 (Fla. 1st DCA 2007).  In fulfilling that purpose, the trial court "shall primarily consider the relative financial resources of the parties." See section 61.16(1).  See also Rosen v. Rosen, 696 So. 2d 697, 699 (Fla. 1997) (reaffirming that "[t]he purpose of this section is to ensure that both parties will have a similar ability to obtain competent legal counsel"); Standard Guar.

---

unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate.

Ins. Co. v. Quanstrom, 555 So. 2d 828, 835 (Fla.1990) (noting that section 61.16 "requires a judge to consider the needs of the party seeking a fee and the financial resources of the parties to assure that both parties receive adequate representation. A significant purpose of this fee-authorizing statute is to assure that one party is not limited in the type of representation he or she would receive because that party's financial position is so inferior to that of the other party.") [3]

Given the discrete purposes served, and different factors considered, in determining the issue of attorney's fees under these two statutes, we remand for the trial court to conduct a de novo hearing on the Mother's motion for attorney's fees (as to both entitlement and amount[4]), pursuant to section 61.16 and Rosen.

---

[3] Aside from need and ability to pay, the trial court may also consider the "history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation." Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997)

[4] The Mother contends that, because the trial court already held a hearing at which the parties litigated the amount of attorney's fees to be awarded, this court's remand should be limited to a determination of entitlement. While we reject this argument, nothing in this opinion prohibits the parties from relying upon prior sworn testimony elicited, or exhibits introduced, during the prior hearing. Nor does it preclude the parties from entering into stipulations as may be appropriate to narrow the issues for the trial court's consideration on remand.

We therefore affirm the trial court's order vacating the final judgment of dissolution of marriage, and reverse the order awarding attorney's fees to the Mother. We remand for a de novo hearing on the Mother's motion for attorney's fees pursuant to section 61.16, and for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.